**James J. RODWELL,
Petitioner, Appellant,**

v.

**Michael FAIR, etc., et al.,
Respondents, Appellees.**

No. 87–1447.

United States Court of Appeals,
First Circuit.

Heard Oct. 8, 1987.

Decided Dec. 3, 1987.

---

Steven J. Rappaport, with whom Rappaport, Shechtman & Galkin, Boston, Mass., was on brief, for petitioner, appellant.

Linda G. Katz, Asst. Atty. Gen., Criminal Bureau, with whom James M. Shannon, Atty. Gen., A. John Pappalardo, Deputy Atty. Gen., Chief, Criminal Bureau, and John P. Corbett, Asst. Atty. Gen., Chief, Appellate Div., Boston, Mass., were on brief, for respondents, appellees.

Before BREYER, Circuit Judge, BROWN,* Senior Circuit Judge, and SELYA, Circuit Judge.

PER CURIAM.

A Massachusetts state court convicted the appellant James Rodwell of first degree murder. After exhausting his state appeals, he sought a writ of habeas corpus in federal district court, and now appeals

* Of the Fifth Circuit, sitting by designation.

from its denial. His basic claim is that David Nagle, who testified about incriminating statements Rodwell had made when they were imprisoned together, was an undercover government agent. This, says Rodwell, amounts to a state interrogation after his indictment and without his lawyer present, which violates the Sixth Amendment. *United States v. Henry*, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980); *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).

The problem with Rodwell's claim is that the evidence he offered in his pretrial motion to suppress Nagle's testimony and at trial does not bear it out. It does not show that the state put Nagle into jail in order to question Rodwell. It does not demonstrate any "knowing exploitation by the State of an opportunity to confront the accused without counsel['s] being present." *Maine v. Moulton*, 474 U.S. 159, 176, 106 S.Ct. 477, 487, 88 L.Ed.2d 481 (1985).

Rodwell essentially concedes this, but he argues that other evidence he would like to have introduced would have made out a stronger claim. That evidence would have shown that Nagle had acted as a police informer in the past, which, Rodwell says, means the state should have known he would likely interrogate Rodwell (without his lawyer).

We need not decide, however, whether these facts could somehow transform Nagle into a government agent (which seems doubtful since "knowing exploitation" suggests that the State must, at least, encourage the informer, *see United States v. Walther*, 652 F.2d 788, 792–93 (9th Cir.1981)), for Rodwell did not properly seek to present this evidence in state court. He should have raised the matter in his pretrial motion to bar Nagle's testimony, and he should have then presented "an affidavit detailing all facts relied upon in support of the motion and signed by a person with personal knowledge of the factual basis of the motion." Mass.R.Crim.P. 13(a)(2). Rodwell did not present an adequate affidavit; the Massachusetts trial

court, for this reason, did not hold an evidentiary hearing about whether to bar Nagle's testimony; the Massachusetts appellate court affirmed that decision for that reason; and that reason constitutes an "adequate state ground" for the judgment. *Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). Rodwell shows no "cause" for failing to comply with the state's procedural rule. Hence, he cannot now argue that his additional evidence would have made a significant difference. *Wainwright, supra* (requiring a showing of "cause" for, and "actual prejudice" from, failing to comply with state procedural rules in order to merit habeas relief).

Rodwell also claims that the State violated his Sixth Amendment right to confront witnesses. Rodwell's counsel tried to question Nagle about his past activities as an informer, but the judge refused to allow such questioning because he understood that its purpose was to help develop Rodwell's theory that Nagle, by previous acts as an informant, somehow became a state agent for *Massiah* purposes. As to that purpose, the trial judge ruled that Rodwell ought to have raised the matter before trial.

 Rodwell counters that he wanted to use the cross-examination to show that Nagle was biased, not that he was a government agent. He adds that in the pretrial hearing the judge said that whether or not Mr. Nagle was cooperating with the authorities on pending cases "might very well be a ground for cross-examination of Mr. Nagle." The record, in context, suggests that the trial court did perceive the possibility of using the information *to show bias* on cross, but Rodwell did not explain that this was his purpose when he sought to cross-examine. What he said to the trial court led it reasonably to believe that his purpose was to pursue his *Massiah* theory. That being so, the Massachusetts courts upheld the trial judge's decision, citing the Massachusetts rule that an attorney must explain to the trial court the reason for his challenged cross-examination when that reason is not apparent. *Commonwealth v.*

*Cheek,* 374 Mass. 613, 615, 373 N.E.2d 1161 (1978). This reason constitutes an adequate state ground, which bars review as Rodwell has shown no "cause" for failing to comply. *Wainwright, supra.*

In any event, the jury heard ample evidence with which to judge Nagle's bias—he testified that, after he spoke with Rodwell, he went to the police in this case in the hope that they would "speak in [his] behalf" with respect to the serious criminal charges he then faced, *Niziolek v. Ashe,* 694 F.2d 282, 289 (1st Cir.1982), and counsel explored the matter further in cross-examination.

The judgment of the district court is *Affirmed.*