Robert MAINS, Petitioner–Appellant,

v.

Timothy HALL and Larry E. Dubois,
Respondents–Appellees.

No. 94–1912.

United States Court of Appeals,
First Circuit.

Heard June 15, 1995.

Decided Jan. 29, 1996.

Joan C. Stanley, Boston, MA, by Appointment of Court, for appellant.

Gregory I. Massing, Assistant Attorney General, Criminal Bureau, with whom Scott Harshbarger, Attorney General, and Nancy W. Geary, Assistant Attorney General, were on brief for appellees.

Before TORRUELLA, Chief Judge, STAHL, Circuit Judge, and DOMÍNGUEZ,* District Judge.

* Of the District of Puerto Rico, sitting by designa- tion.

DOMINGUEZ, District Judge.

Petitioner-appellant, Robert Mains ("Mains") challenges the district court's dismissal of the petition of the writ of habeas corpus and requests the same to be vacated. Mains further requests the remand of this case to the district court for a determination as to whether his claim is procedurally barred as successive and as an abuse of the writ under *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), whether it is new law with respect to Mains's claim, and if so, whether the retroactive application of said law is barred by *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

We hold that the judgment of the district court is warranted. Consequently, we affirm.

## I. BACKGROUND

On January 17, 1994, a Suffolk County Grand Jury indicted Mains in the Superior Court of Massachusetts (Sullivan, J.), for the crimes of Murder in the First Degree, in violation of Mass.Gen.L. ch. 265, § 1, and for unlawfully carrying a firearm, in violation of Mass.Gen.L. ch. 269, § 10. Mains was convicted on both charges and was sentenced to life imprisonment on the murder charge; the charge of carrying a firearm was placed on file. His conviction was upheld by the Supreme Judicial Court of Massachusetts.[1] *See Commonwealth v. Mains*, 374 Mass. 733, 374 N.E.2d 576, 577 (1978).

On May 31, 1978, Mains filed his first petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming *inter alia* that the prosecutor failed to disclose exculpatory evidence about a key witness, ineffective assistance of trial counsel, and that the trial judge's instructions to the jury on the issue of the "lawfulness" of the killing violated his right to due process, by effectively directing the jury to find that said element of the crime was proven. On August 13, 1979, the district court (Freedman, J.) allowed the petition, granted the writ, and ordered a new trial. However, the Commonwealth of Massachusetts appealed, and this court reversed the district court's decision and dismissed the petition. *See Mains v. Butterworth*, 619 F.2d 83 (1st Cir.), *cert. denied*, 449 U.S. 864, 101 S.Ct. 171, 66 L.Ed.2d 82 (1980). Mains then filed a motion for rehearing wherein he raised, again, the issue of the trial court's instructions. The motion was denied on March 27, 1980. The decision stated that (the court) "has given this case particularly careful and close attention and there is nothing in the petition that was not previously considered."

On February 11, 1983, Mains filed a motion for a new trial *pro se*, before the state court, claiming that the trial court's instructions to the jury relieved the Commonwealth of its burden of proof on the element of malice in violation of *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). This motion was denied. Mains' subsequent application for leave to appeal pursuant to Mass.Gen.L. ch. 278, § 33E was also denied by the Single Justice of the Supreme Judicial Court (Wilkins, J.) who concluded that,

> [a]rguably, [the petitioner's claim] could be interpreted as either an impermissible presumption, raising a new issue under *Sandstrom v. Montana, supra*, or a change in the burden of proof, raising an old issue under *In re Winship, supra* [397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)], and *Mullaney v. Wilbur, supra* [421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975)] ... My inclination is to say that, if there is an error at all, it involves an error that could have been raised before.

On April 6, 1992, Mains filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, a motion for appointment of counsel, and a motion to proceed *in forma pauperis*.[2] Respondents filed a motion to

---

1. Petitioner filed two motions for a new trial denied by the court on April 22, 1977. Mains then appealed the conviction and the denial of both motions for a new trial; the Supreme Judicial Court affirmed the judgment of the Superior Court.

2. Petitioner also filed a motion for a show-cause order on December 4, 1992. On June 14, 1993, the district court (Wolf, J.) denied appointment of counsel, granted the motion for leave to proceed *in forma pauperis*, and ordered respondents to answer on or before July 30, 1993.

dismiss on the grounds that the petition was successive and an abuse of the writ. On May 31, 1994, the district court (Wolf, J.) granted respondents' motion and dismissed the petition.[3] In addition, a certificate of probable cause to appeal was granted on August 15, 1994, pursuant to Fed.R.App.P. 22(b),[4] and Counsel was appointed to represent Mains on November 3, 1994.

■ The sole issue on appeal is whether the district court properly dismissed as successive and as an abuse of the writ Mains' claim that the trial court's instructions on malice violated his right to due process.[5]

Mains's first Habeas petition stems from the trial court's purportedly improper withholding the issue of the lawfulness of the killing from the jury's consideration. The trial judge's instruction stated that " 'there is no question raised here that there was a homicide committed', and that the jury must first determine whether the defendant committed the homicide." *See Commonwealth v. Mains,* 374 N.E.2d at 577–578. In his petition Mains asseverates that the Commonwealth has the burden of proving unlawfulness beyond a reasonable doubt, and that there is sufficient evidence which raises the issue of lawfulness (*i.e.* that the alleged victim died with a gun in his hand, that Mains testified to having been shot, and that Mains was "jammed in" and "couldn't run").

In his second petition Mains argues that the malice instruction was unconstitutional because it shifted the burden of proof to Petitioner and caused the jury to find Mains guilty unless he controverted the evidence. In addition, Mains argues that the unlawful presumption or implied language, further prevented the jury from considering man-

slaughter. The averred defective instruction reads as follows:

"Malice as used in the expression doesn't necessarily imply ill will towards the person killed. Any intentional killing of a human being without legal justification, without excuse, with no extenuating circumstances, is malicious. That is to say, it is done with malice within the meaning of that expression and, therefore, is murder, and is not manslaughter.

The word "aforethought" in the expression malice aforethought has its ordinary meaning. That means to say, "Thought of beforehand; forethought." If the killing was intentional, even though the act followed the thought immediately without time for deliberation or reflection, the killing was then with malice aforethought within the meaning of that technical expression of the law, and is therefore a murder.

A killing may be malicious and consequently murder, even though the slayer didn't wish to cause it. If a man intentionally and without legal justification, excuse or extenuation, uses upon the body of another person a force, for example, a bullet from a gun, that is used to do grievous bodily harm to the other person, or cause death to the other person, and so used will create a clear and plain likelihood that the other person could or would die as a result, the act is then malicious within the meaning of the law, even though the doer of the act was indifferent as to whether or not death would result, or even if he wished and hoped that death would not result, for it still would be malicious within the meaning of the statute concerning itself with murder, because the word "malice" as used in the law does not necessarily mean or

---

3. With regard to respondents' motion to dismiss, the district court found, "[i]n essence, the petitioner has reasserted claims previously rejected in connection with his original petition[ ] and made a new argument concerning the jury instructions at his trial which does not constitute a new claim and, in any event, is an abuse of the writ."

4. *See Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983); *Lozada v. Deeds,* 498 U.S. 430, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991).

5. In addition, petitioner further raised that (1) the prosecution failed to disclose exculpatory evidence; (2) he was denied the effective assistance of counsel; and (3) the trial judge's instructions to the jury removed the issue of lawfulness, an element of the offense, from their consideration. All of these claims were dismissed as successive; petitioner does not appeal that portion of the district court's decision.

imply hatred or ill will toward the person killed, but includes any intention to inflict upon another serious injury without justification or without palliation. * * *

"Malice aforethought in the expression that I have used in connection with murder in the second degree I repeat includes every unjustifiable, unlawful motive, and malice can be implied from any deliberate and cruel act by one person towards another."

 In the instant case, even if the malice portion of the instruction is deemed to differ from the unlawfulness issue previously raised, said issue was accessible to Mains at the time when the original petition was filed. Rule 9(b) of the rules governing habeas corpus proceedings, 28 U.S.C. foll. § 2254, provides for dismissal of "successive" petitions, or those petitions which raise grounds that were available, but not relied upon, in a prior petition.[6] Because Mains had already presented the issue of whether the trial court's instructions to the jury relieved the Com-

monwealth of its burden of proving each individual element of the murder offense beyond a reasonable doubt,[7] respondents argue that the district court adequately concluded that Mains' claim was precluded by Rule 9(b).[8]

Furthermore, respondents assert that the burden of proof argument raised by the malice instruction, as the argument presented by Mains relating to the instruction on "lawfulness," was available to Mains when he filed his original petition. Respondents further allege that Mains strives to avert the effects of Rule 9(b)'s prohibition of successive petitions by stating that said claim was unavailable to him prior to the Supreme Court's decision in *Sandstrom*, as "cause" for failure to present his claims in the original petition.

Respondents allege that to the extent that Mains failed to show "cause"[9] for his failure to present the claim in the original petition, and because the *Sandstrom* case was decided five months before the Commonwealth of Massachusetts appealed to this court,[10] the

6. See Sawyer v. Whitley, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992); Kuhlmann v. Wilson, 477 U.S. 436, 444 n. 6, 106 S.Ct. 2616, 2622 n. 6, 91 L.Ed.2d 364 (1986), quoting Sanders v. United States, 373 U.S. 1, 17, 83 S.Ct. 1068, 1078, 10 L.Ed.2d 148 (1963). See also Hudson v. Whitley, 979 F.2d 1058, 1063 n. 10 (5th Cir. 1992).

7. In his original petition, Mains claimed that the judge's instruction relieved the Commonwealth of its burden of proving beyond a reasonable doubt an "unlawful" killing with malice. The argument in Mains' second petition is, again, that the Commonwealth obtained a conviction without proving every element of the offense beyond a reasonable doubt, but regarding the issue of malice in the judge's instructions, Mains includes Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), arguing that because the jury was told that some evidence of malice was sufficient to support a conviction, the instruction relieved the Government of its burden of proof.

8. Rule 9(b) of the rules governing habeas corpus proceedings, 28 U.S.C. foll. § 2254 provides, in pertinent part, that "[a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." "Grounds", for purposes of this rule, means a

"sufficient legal basis for granting the relief sought." See Sanders v. United States, 373 U.S. at 16, 83 S.Ct. at 1077–1078; Collins v. Zant, 892 F.2d 1502, 1505 (11th Cir.1990). In order to avoid the preclusive effect of Rule 9(b), a habeas petitioner must present a "new or different claim; a new or different argument (legal or factual) in support of a claim that has already been raised and decided on the merits is not sufficient to prevent dismissal of the claim." See Collins, id. at 1505 (emphasis in original).

9. The abuse of the writ defense was raised by respondents in their motion to dismiss of August 5, 1993. In their supporting memorandum, respondents presented the "cause" standard articulated in McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), and Andiarena v. United States, 967 F.2d 715, 718 (1st Cir. 1992). On August 9, 1993, petitioner filed his opposition to respondents' motion. Because the district court determined that the petitioner had not demonstrated "cause" sufficient to prevent dismissal on the ground of abuse of the writ, the court did not reach the issue of whether the petitioner had demonstrated any "prejudice" or that "a fundamental miscarriage of justice" would result if the court did not entertain his claim.

10. The Sandstrom decision was announced in June 1979, five months before Mains filed his brief responding to the Commonwealth of Massachusetts' appeal to this court in Mains v. But-

district court properly dismissed the petition as successive and as an abuse of the writ.

■ In his second petition, Mains avers that habeas relief is warranted because his claim under *Sandstrom* is a "new rule" which meets the second exception presented in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Respondents counter by stating that the *Sandstrom* holding advanced those principles enumerated in *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), to presumptions created in jury instructions. Respondents correctly allege that *Sandstrom* was a "lineal descendant of *Winship;* it simply held that an instruction which creates a presumption of fact violates due process if it relieves the State of its burden of proving all of the elements of the offense charged beyond a reasonable doubt." *See Gilmore v. Taylor,* 508 U.S. 333, ——, 113 S.Ct. 2112, 2118, 124 L.Ed.2d 306 (1993).[11] Respondents conclude that because Mains had already argued that the judge's instruction on lawfulness shifted the burden of proof and relieved the Commonwealth of its burden of proving beyond a reasonable doubt [12] each element of the offense, the addition of *Sandstrom* [13] does not constitute a

"new claim" for purposes of *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).[14]

Mains has failed to show cause or prejudice to oppose respondents' abuse of the writ defense.[15] The court is not persuaded that in the instant case *Sandstrom* constitutes a new development in the law, or an external factor [16] affording Mains sufficient cause for his failure to present the claim.[17] Indeed, Mains could have reasonably employed *Sandstrom* during the appeal and subsequent motion for rehearing that followed his original petition. Furthermore, Mains already made an argument in his first petition regarding the instruction, and invoked *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) and *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), the precedents upon which *Sandstrom* is premised.

In this regard we find that petitioner's argument regarding the malice instruction and burden shifting presumption is not advanced and fails to constitute "new ground" for purposes of Rule 9(b). Furthermore, because the *Sandstrom* claim was reasonably available to Mains at the time of his appeal of the denial of his first § 2254 petition, the

*terworth, supra.* Therefore, Mains could have employed *Sandstrom* to support his original challenge to the jury instructions during the federal appellate process.

**11.** *See also Rose v. Clark,* 478 U.S. 570, 580, 106 S.Ct. 3101, 3107, 92 L.Ed.2d 460 (1986) (*Sandstrom* was "a logical extension of the Court's holding in *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), that the prosecution must prove every fact necessary to constitute a crime from which the defendant is charged beyond a reasonable doubt.").

**12.** *See Sandstrom,* 442 U.S. at 513, 99 S.Ct. at 2453–2454.

**13.** In *Sandstrom,* the Supreme Court determined that jury instructions which created a "mandatory presumption" of malice violated a defendant's due process rights. *Id.* at 524, 99 S.Ct. at 2459.

**14.** Mains submits as additional grounds for his failure to present his *Sandstrom* claim of alleged error in the malice instruction in his first habeas petition the fact that he "only raised a challenge to the lack of self-defense instruction" in state court. This assertion also lacks merit. As re-

spondents point out, Mains focused this court's attention to the issue of burden of proof as independent and different from the issue of whether he was entitled to an instruction on self-defense. *See Mains v. Butterworth,* respondents' Exhibit I, p. 33, n. 19, and Mains petition for rehearing, respondents' Exhibit E, p. 2.

**15.** Because petitioner's claim of error in the malice instruction is not a new "ground" for Rule 9(b) purposes, the case should not be remanded.

**16.** *See Reed v. Ross,* 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984) ("where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable ... procedures.")

**17.** To the extent that the *Sandstrom* claim was reasonably available to the petitioner, no just cause has been shown. *See Boyer v. United States,* 55 F.3d 296 (7th Cir.1995) (plaintiff failed to offer sufficient justification for not raising an additional "reasonably available" claim in his original petition).

same does not constitute a "new rule" qualifying it under the second *Teague* exception.[18]

We need go no further. Mains has failed to establish sufficient "cause" or "prejudice" necessary to reach the issue presented in this successive petition.[19] Consequently, Mains' habeas petition remains a casualty of its own procedural deficiency.

## II. CONCLUSION

For the above-stated reasons, we affirm the district court's judgment.

*Affirmed.*

---

**18.** In *Teague* the court determined when a new rule deserved retroactive effect. A new rule was defined as a rule which mandates a result "not dictated by precedent existing at the time the defendant's conviction became final". *See Teague v. Lane, id.*, 489 U.S. at 301, 109 S.Ct. at 1070.

**19.** *See McCleskey*, 499 U.S. at 495, 111 S.Ct. at 1470 ("application of the cause and prejudice standard in the abuse of the writ context does not mitigate the force of *Teague v. Lane* ").