JAMES RODWELL *vs.* COMMONWEALTH. July 28, 2000. *Practice, Criminal,* Postconviction relief, Sentence, Capital case. *Waiver.*

Pursuant to the "gatekeeper" provision of G. L. c. 278, § 33E, a single justice of this court has reported to the full court the sole question whether James Rodwell (defendant) has waived his claim, first raised in his fifth motion for postconviction relief, that his conviction for armed robbery is duplicative of his conviction for murder in the first degree and, accordingly, that his sentence for armed robbery is illegal. We conclude that the defendant has waived this claim.

We briefly summarize this case's lengthy procedural history. In 1981, a jury convicted the defendant of murder in the first degree after being instructed on theories of premeditation and felony-murder; armed robbery (predicate felony for felony-murder); and unlawful carrying of a firearm. The defendant was sentenced to life imprisonment on the murder conviction, a concurrent sentence of from fifteen to twenty years on the armed robbery conviction, and a concurrent sentence of from three to five years on the firearm conviction.

In 1983, the defendant filed a motion for a new trial. The trial judge denied the motion. In 1985, we affirmed the convictions and the denial of the motion for a new trial, and reviewed the entire case pursuant to G. L. c. 278, § 33E.

*Commonwealth* v. *Rodwell*, 394 Mass. 694 (1985). In 1986, the defendant filed his second motion for a new trial which was denied by the trial judge. The defendant, pursuant to § 33E, filed an application in the county court for leave to appeal to the full court which was denied. The defendant sought a writ of habeas corpus in the United States District Court for the District of Massachusetts which was denied. See *Rodwell* v. *Fair*, 834 F.2d 240 (1st Cir. 1987) (affirming Federal District Court's denial of writ of habeas corpus).

The defendant filed a third motion for a new trial in 1993. After a hearing, a Superior Court judge (who was not the trial judge), denied the motion and a single justice denied the defendant's application to appeal to the full court. The defendant, in 1997, filed his fourth motion for a new trial. A Superior Court judge denied the motion concluding that the defendant had waived the issues raised. The defendant subsequently filed a motion to reconsider which was also denied. The defendant petitioned the county court for permission to appeal to the full court. This request was denied.

In 1998, the defendant filed his fifth postconviction motion raising, inter alia, for the first time, the illegality of his armed robbery sentence as duplicative.[1] A Superior Court judge refused to consider the issues raised concluding that they had been waived. The defendant filed a petition to the single justice to appeal to the full court and the single justice allowed so much of the petition as concerned the waiver of the claim regarding the legality of the armed robbery sentence.

The defendant contends that a motion to correct an illegal sentence brought pursuant to Mass. R. Crim. P. 30 (a), 378 Mass. 900 (1979), can be raised at any time and thus cannot be waived by a failure to raise the claim at the earliest possible opportunity. We disagree.

Rule 30 (a) provides that "[w]hoever is imprisoned . . . pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or to correct the sentence which he is then serving . . . ." While on its face the rule places no restriction on the time within which a motion to correct an illegal sentence may be brought, the rule is subject to the waiver provisions of Mass. R. Crim. P. 30 (c) (2), 378 Mass. 900 (1979), which provides:

> "All grounds for relief claimed by a defendant under subdivisions (a) and (b) of this rule shall be raised by the defendant in his original or amended motion. Any grounds not so raised are waived unless the judge in his discretion permits them to be raised in a subsequent motion, or unless such grounds could not reasonably have been raised in the original or amended motion."

The defendant argues that, because he was convicted of a capital crime, his claim is governed by § 33E and not rule 30 (c) (2). Section § 33E governs the appeal of postconviction motions in a capital case. *Commonwealth* v. *Francis*, 411 Mass. 579, 582 (1992). However, the waiver rules expressed in rule 30 (c) (2) are similar to the waiver principles that we apply pursuant to

---

[1]The defendant's fifth motion sought a new trial pursuant to Mass. Crim. P. 30 (b), 378 Mass. 900 (1979), and correction of an illegal sentence pursuant to Mass. Crim. P. 30 (a), 378 Mass. 900 (1979).

§ 33E. *Commonwealth* v. *Ambers*, 397 Mass. 705, 707 n.2 (1986). *Commonwealth* v. *Pisa*, 384 Mass. 362, 366 n.5 (1981). If a defendant fails to raise a claim that is generally known and available at the time of trial or direct appeal or in the first motion for postconviction relief, the claim is waived. See *Commonwealth* v. *Ambers, supra*; *Commonwealth* v. *Pisa, supra*. See also Mass. R. Crim. P. 30 (c) (2); *Commonwealth* v. *Deeran*, 397 Mass. 136, 139 (1986); *Commonwealth* v. *Layne*, 386 Mass. 291, 297 (1982). This requirement is critical to achieve finality in the litigation of criminal cases and to assure that limited judicial resources are not consumed by claims that should have been raised earlier. *Commonwealth* v. *Pisa, supra* at 366-367.

The defendant has waived this claim challenging the legality of his sentence by not raising it in his fourth motion for a new trial. That motion was filed in 1997, two years after our decision in *Commonwealth* v. *Berry*, 420 Mass. 95, 113 (1995), which explicitly stated that, whenever a jury might have reached a verdict of murder on the basis of a felony-murder theory, a concurrent sentence for the underlying felony is duplicative and cannot be imposed. See *Commonwealth* v. *Mello*, 420 Mass. 375, 398 (1995). There is no reason that his claim was not raised in the fourth new trial motion and as such it cannot be raised now. See *Commonwealth* v. *Deeran, supra* at 139, citing *Commonwealth* v. *Pisa, supra* at 366-367.

Moreover, we doubt that the defendant can obtain the relief that he seeks by a rule 30 (a) motion. Rule 30 (a) provides that a defendant may only seek relief from a sentence "which he is then serving." The Commonwealth contends and the defendant does not dispute that he has completed serving the sentence on the armed robbery conviction and as such he is no longer incarcerated pursuant to that sentence. Therefore, it is unlikely that he may seek to have the sentence vacated pursuant to rule 30 (a). See *Commonwealth* v. *Lupo*, 394 Mass. 644, 646 (1985) ("rule 30 [a] is intended primarily to provide relief for defendants incarcerated in violation of Federal law or of the laws of the Commonwealth").

*Appeal dismissed.*

The case was submitted on briefs.

*Stephanie M. Glennon* for James Rodwell.

*Marguerite T. Grant*, Assistant District Attorney, for the Commonwealth.