## Robert Mains *vs.* Commonwealth.

Suffolk. October 5, 2000. - December 13, 2000.

Present: Marshall, C.J., Abrams, Greaney, Ireland, Spina, Cowin, & Sosman, JJ.

*Practice, Criminal,* Postconviction relief, Capital case, Defendant pro se, Instructions to jury, Reasonable doubt. *Waiver.*

A defendant convicted of murder, whose 1997 motion for a new trial challenging the reasonable doubt instructions at his 1974 trial was denied, and who never sought leave to appeal from the single justice, thereby waived that claim for purposes of a later-filed motion for a new trial, where the constitutional theory on which the defendant relied was sufficiently developed in 1997 to have afforded him the opportunity to raise the claim on appeal from the denial of the 1997 motion [32-34]; and the defendant's pro se status at the time did not mandate a different result [35-36].

Where a criminal defendant did not seek leave to appeal the denial of his fourth motion for a new trial, there was no basis for this court to consider the arguments raised therein as "consolidated" with the defendant's fifth motion for a new trial. [36-37]

Where a judge who denied a criminal defendant's fifth motion for a new trial did not decide the issue raised on the merits, but rather ruled it was waived, the issue was not resurrected for further appellate review. [37-38]

Indictment found and returned in the Superior Court on January 17, 1974.

Following review by this court, 374 Mass. 733 (1978), a motion for a new trial, filed on May 5, 1998, was heard by *Vieri Volterra*, J.

A request for leave to appeal was allowed by *Fried*, J., in the Supreme Judicial Court for the county of Suffolk.

*Matthew S. Robinowitz* for the defendant.

*Karen A. Palumbo*, Assistant District Attorney, for the Commonwealth.

*John F. Palmer*, for Massachusetts Association of Criminal Defense Lawyers, amicus curiae, submitted a brief.

Abrams, J. At issue is whether Robert Mains (defendant) waived his claim challenging the reasonable doubt instructions at his trial in 1974. See *Commonwealth* v. *Mains*, 374 Mass.

733 (1978). A single justice of this court allowed the defendant's application for leave to appeal from an order denying his fifth motion for a new trial on two issues: (1) whether the defendant waived his claim challenging the trial judge's reasonable doubt instructions in light of *Cage* v. *Louisiana,* 498 U.S. 39 (1990), and (2) if the defendant did not waive this claim, whether the instructions require a new trial. We conclude that the defendant has waived this claim. Thus, we do not reach the merits of the defendant's challenge to the jury instructions.

1. *Background.* The defendant was convicted on charges of murder in the first degree and unlawfully carrying a firearm. The defendant's first motion for a new trial, filed in 1974, asserted that the verdict was against the weight of the evidence and contrary to law. In 1976, the defendant filed a second motion for a new trial, claiming ineffective assistance of counsel, prosecutorial misconduct, and newly discovered evidence. Both motions were denied by a judge in the Superior Court, and the appeals from those denials were consolidated with the defendant's direct appeal to this court. A recitation of the facts of that case can be found in *Commonwealth* v. *Mains,* 374 Mass. 733 (1978), in which this court found no error and affirmed the judgment of conviction.

In 1983, the defendant filed his third motion for a new trial,[1] contending, among other things, that the trial judge's instruction on reasonable doubt did not adequately communicate to the jury the high degree of certainty required for conviction. The third motion was denied. The defendant sought leave to appeal from the denial of the third motion from a single justice of this court. See G. L. c. 278, § 33E. The single justice denied the defendant's request for leave to appeal.

In 1997, the defendant filed his fourth motion for a new trial, raising for the first time his contention that the reasonable doubt instructions were defective because the term "moral certainty"

---

[1] In 1978, the defendant successfully petitioned the United States District Court for the District of Massachusetts for a writ of habeas corpus, based on the same issues raised previously before this court. The United States Court of Appeals for the First Circuit subsequently reversed the order granting the writ. *Mains* v. *Butterworth,* 619 F.2d 83 (1st Cir.), cert. denied, 449 U.S. 864 (1980). In 1994, the United States District Court dismissed a second petition for a writ of habeas corpus on the ground that the issue raised, regarding the shifting of the burden of proof on malice, was available at the time of the first petition for habeas relief. The Court of Appeals affirmed. *Mains* v. *Hall,* 75 F.3d 10 (1st Cir.), cert. denied, 519 U.S. 880 (1996).

was used without sufficient accompanying clarification. See *Victor* v. *Nebraska*, 511 U.S. 1 (1994) (use of "moral certainty" language reversible error unless coupled with language that lends content and meaning to phrase); *Cage* v. *Louisiana, supra* at 41 (jury instructions which included "moral certainty" language suggested "higher degree of doubt than is required under the reasonable doubt standard"); *Commonwealth* v. *Pinckney*, 419 Mass. 341 (1995) (reversal of conviction of murder in first degree and rape based on flawed "moral certainty" instruction). The fourth motion was denied by a judge in the Superior Court. The defendant then timely filed a notice of appeal, but he did not at any point prior to filing his fifth motion for a new trial seek leave from the single justice to proceed with the appeal from the denial of his fourth motion for a new trial.

The defendant's fifth motion for a new trial, also denied by a judge in the Superior Court, and the subject of this appeal, was filed on May 5, 1998. The motion again raised the moral certainty language issue. The motion judge denied the motion, determining first that the law on the issue was sufficiently developed, at a minimum, at the time of the defendant's 1997 motion for a new trial. The judge then discussed the adequacy of the instructions "in the interest of finality." The judge determined that the law on the issue was sufficiently developed for appeal to a single justice at the time of the denial of the defendant's fourth motion. The judge thus concluded that the defendant had waived the moral certainty language issue by failing to pursue that appeal.

2. *Waiver.* Appeal of postconviction motions arising from conviction of murder in the first degree is governed by G. L. c. 278, § 33E.[2] *Rodwell* v. *Commonwealth*, 432 Mass. 1016, 1017 (2000), citing *Commonwealth* v. *Francis*, 411 Mass. 579, 582 (1992). A "new and substantial question" is required. *Commonwealth* v. *Ambers*, 397 Mass. 705, 707 (1986). The single justice noted that we previously have held that incorrect use of moral certainty language may present an error in reasonable

---

[2]General Laws c. 278, § 33E, provides in relevant part: "If any motion is filed in the superior court after rescript, no appeal shall lie from the decision of that court upon such motion unless the appeal is allowed by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by the full court." See *Commonwealth* v. *Ambers*, 397 Mass. 705, 707 (1986); *Commonwealth* v. *Pisa*, 384 Mass. 362, 364 (1981) (quoting same).

doubt instructions which may go to the fundamental fairness of the proceedings. "A constitutionally deficient reasonable doubt instruction amounts to a structural error which defies analysis by harmless error standards. See *Sullivan* v. *Louisiana*, 508 U.S. 275, 281-282 (1993)." *Commonwealth* v. *Pinckney, supra* at 342.[3]

The defendant argues that he did not have a "genuine opportunity," *DeJoinville* v. *Commonwealth*, 381 Mass. 246, 251 (1980), to raise a moral certainty claim until after the United States Supreme Court's 1990 decision in *Cage* v. *Louisiana, supra*, and its 1994 decision in *Victor* v. *Nebraska, supra*. Thus, he asserts he did not waive this claim. We agree that he did not waive that claim in his first two motions for a new trial.

In 1997, the defendant filed his fourth motion for a new trial. The defendant's motion was denied. The defendant filed a notice of appeal but he never sought leave to appeal from the denial of his fourth motion from the single justice (as he had from the denial of his third motion). By 1997, the theory on which the defendant now relies was thoroughly developed. See *Commonwealth* v. *Crawford*, 430 Mass. 683, 689 (2000) ("The test for waiver is whether the theory on which the defendant's argument rests has been sufficiently developed to put him on notice that the issue is a live issue that could have been raised in his [previous] motion"). See also *Lykus* v. *Commonwealth*, 432 Mass. 160, 163 (2000), quoting *Commonwealth* v. *Pisa*, 384 Mass. 362, 365-366 (1981) ("Section 33E 'requires that the defendant present all his claims of error at the earliest possible time, and failure to do so precludes relief on all grounds generally known and available' "); *Rodwell* v. *Commonwealth, supra* at 1018 ("If a defendant fails to raise a claim that is generally known and available at the time of . . . [a] motion for postconviction relief, the claim is waived"). The issue had been fully

---

[3]Our cases have held that even structural error is subject to the doctrine of waiver. See *Commonwealth* v. *Burnett*, 428 Mass. 469, 475 (1998), discussing *Hankerson* v. *North Carolina*, 432 U.S. 233, 244 n.8 (1977) ("States could 'insulate past convictions by enforcing the normal and valid rule that failure to object to a jury instruction is a waiver of any claim of error' "); *Commonwealth* v. *Repoza*, 400 Mass. 516, 520, cert. denied, 484 U.S. 516 (1987) (same). See also *Johnson* v. *United States*, 520 U.S. 461, 465 (1997), quoting *United States* v. *Olano*, 507 U.S. 725, 731 (1993) (recognizing "the 'familiar' principle that a right 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it' ").

developed by the time of the defendant's fourth motion, and the defendant himself chose not to appeal. The defendant's conduct constitutes a waiver.[4]

In *Commonwealth* v. *Burnett*, 428 Mass. 469, 473 (1998), which also concerned an appeal from the denial of postconviction relief where the conviction had previously received plenary review under G. L. c. 278, § 33E, we reaffirmed that "the defendant is not entitled to our determination whether the [jury] instructions were erroneous if the issues presented could have been raised at trial or on direct appeal but were not." *Id.*, quoting *Commonwealth* v. *Rembiszewski*, 391 Mass. 123, 126 (1984). The procedural posture of the instant case differs from *Burnett* only to the extent that "the constitutional theory on which the defendant has relied was not sufficiently developed at the time of trial or direct appeal to afford the defendant a genuine opportunity to raise his claim at those junctures." *Commonwealth* v. *Burnett, supra,* quoting *Commonwealth* v. *Rembiszewski, supra.* The theory, however, was sufficiently developed by the time of the fourth motion for a new trial.[5] Hence, the waiver principle we applied in *Burnett* similarly applies here.[6]

---

[4]There is no merit to the Commonwealth's argument that the moral certainty language argument was available to the defendant at the time of his direct appeal in 1978.

The Commonwealth's second waiver argument, that the defendant waived his challenge to the moral certainty language by not raising it in his third motion for a new trial in 1983, relies on our dictum in *Commonwealth* v. *Therrien*, 428 Mass. 607, 609 n.4 (1998), in which we stated, inter alia, that "[w]e disagree with the implication inherent in *Simpson* v. *Matesanz*, 29 F. Supp. 2d 11 (D. Mass. 1998)[, vacated, 175 F.3d 200 (1st Cir. 1999), cert. denied, 120 S. Ct. 803 (2000)], that the problems associated with 'moral certainty' language were not foreshadowed prior to the decision in *Cage* v. *Louisiana*, 498 U.S. 39 (1990)." We need not reach the issue whether there was a waiver at the time of the third motion because the defendant clearly waived the instruction issue by failing to seek leave to appeal the denial of his fourth motion for a new trial.

[5]The defendant incorrectly cites *Commonwealth* v. *Gagliardi*, 418 Mass. 562, 568 (1994), cert. denied, 513 U.S. 1091 (1995), for the proposition that we will not apply the waiver rule to the issue whether a reasonable doubt instruction is constitutionally deficient. In light of our careful analysis of the United States Supreme Court's holding in *Hankerson* v. *North Carolina, supra,* see note 3, *supra,* and accompanying text, we declined in *Commonwealth* v. *Burnett, supra* at 475 n.5, to follow the *Gagliardi* decision on this very point.

[6]See *Valliere* v. *Superintendent of Mass. Correctional Insts.*, 429 Mass.

3. *No relief from waiver due to defendant's pro se status.* The defendant next contends that, because he was proceeding pro se at the time he filed his 1997 new trial motion, the motion judge was bound to treat the defendant's submission liberally. There is no precedent applicable to this court that supports this proposition.[7] The defendant points out that in *Mmoe* v. *Commonwealth*, 393 Mass. 617, 620 (1985), we noted that some leniency is proper in determining whether a pro se litigant meets the requirements of procedural rules. We went on to emphasize in *Mmoe*, however, that "the rules bind a pro se litigant as they bind other litigants." *Id.*

The defendant also asserts that he did not file the 1997 new trial motion with the intention of pursuing the matter pro se, and sought to have counsel appointed pursuant to Mass. R. Crim. P. 30 (c) (5), 378 Mass. 900 (1979). Assignment of counsel under this rule is by discretion of the judge, however, and not by right,[8] and nowhere does the defendant argue that the motion judge abused this discretion. Even if the defendant had so argued, the issue was not presented to us by the single justice, so we would not consider it. We note, however, that the defendant had previously acted pro se on his third motion for a new trial, and had filed a pro se petition for leave to appeal from the denial of that motion. Thus, the record demonstrates that the defendant knew how to, but nevertheless did not, seek leave from the single justice to appeal from the denial of the fourth motion.

The defendant's attempts to distinguish our holdings in *Commonwealth* v. *Jackson*, 419 Mass. 716 (1995), and *Commonwealth* v. *Barnes*, 399 Mass. 385 (1987), are also without

---

1024, 1024 n.1 (1999): "The fact that the petitioner's habeas corpus petition raised the same issues he had previously raised in his rule 30 (a) motion — *a motion that was denied and from which he did not appeal* — might have provided an additional basis for the single justice to deny the petition" (emphasis supplied).

[7]The defendant cites *Fisher* v. *State*, 169 F.3d 295 (5th Cir. 1999), but this case, and the precedent on which it relies, *Guidroz* v. *Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988) (pro se habeas corpus petitions must be construed liberally), is not controlling authority in this Commonwealth. We decline to modify our holdings on this issue.

[8]Rule 30 (c) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 900 (1979), reads: "*Counsel.* The judge *in his discretion* may assign or appoint counsel in accordance with the provisions of these rules to represent a defendant in the preparation and presentation of motions filed under subdivisions (a) and (b) of this rule" (emphasis supplied).

merit. In *Commonwealth* v. *Jackson, supra,* we held that, "[d]espite their lack of legal training, pro se litigants are held to the same standards as practicing members of the bar." *Id.* at 719, citing *Commonwealth* v. *Barnes, supra* at 392. We observed long before that "[t]he right of self-representation is not 'a license not to comply with relevant rules of procedural and substantive law.' *Faretta* v. *California,* 422 U.S. 806, 834-835 n.46 (1975). A pro se litigant is bound by the same rules of procedure as litigants with counsel." *International Fid. Ins. Co.* v. *Wilson,* 387 Mass. 841, 847 (1983). While it is true that both *Jackson* and *Barnes* concern defendants who waived their right to appointed counsel at trial, there is no logical reason why the principle underlying these cases should not also apply to defendants on collateral review who unsuccessfully sought to have counsel appointed, under the carefully guided discretion of the motion judge,[9] and nevertheless proceeded with their appeals. To hold otherwise would be to invite pro se litigants not to comply with relevant rules of procedural and substantive law with impunity. That we will not do.

4. *The defendant's request to consolidate the petitions.* The defendant next contends we should consider his petition as a consolidated petition for leave to appeal from the denial of both the fourth (1997) and fifth (1998) motions for a new trial.[10] We decline to do so. The defendant has never sought leave from a single justice to appeal from the denial of his fourth motion for

---

[9]See Reporters' Notes to Mass. R. Crim. P. 30 (c) (5), Mass. Ann. Laws, Rules of Criminal Procedure at 295 (Lexis 1995): "[I]t is not necessary to appoint counsel for every application. If an application, in light of the state's response, raises no claim cognizable in a post-conviction proceeding, it is wasteful to appoint counsel to determine solely if the applicant has some grounds for relief not stated in his original application. Too, where an application has sought relief unsuccessfully in prior applications, where represented by counsel, the court may consider the previous record as reflecting on the need for counsel on a newly filed application."

[10]The single justice felt that this contention should be rejected, as the fourth motion had run its course, "and whatever was or might have been included in it should not be raised again." We agree with the conclusion of the single justice.

The defendant also raises the issue of timing, noting correctly, as the Commonwealth duly acknowledges, that G. L. c. 278, § 33E, specifies no time limit for the filing of a petition for leave to appeal. See *Commonwealth* v. *Burnett, supra* at 472 (defendant successfully petitioned single justice for leave to appeal from denial of third motion for new trial nearly four years after motion was denied). The lack of a time limit under § 33E, however, in no way dissuades us from our rejection of the defendant's consolidation argu-

a new trial. *Commonwealth* v. *Burnett, supra* at 472, is distinguishable, as there was no new intervening motion for a new trial as in the case now before us. In *Commonwealth* v. *Roberts,* 423 Mass. 17, 18 (1996), the defendant's 1992 motion for a new trial was denied, and leave to appeal the denial was allowed by the single justice pursuant to G. L. c. 278, § 33E. In 1994, that defendant filed an *amended* motion for a new trial; it was denied, leave to appeal was allowed, and the single justice ordered the two appeals consolidated. *Id.* In the present case there is no amended motion at issue, and the defendant has never filed a petition for leave to appeal from the denial of the fourth (1997) motion for a new trial.

5. *The motion judge's decision on the instructions.* The defendant, relying on our decision in *Commonwealth* v. *Haley,* 413 Mass. 770, 773 n.3 (1992), contends that, because the motion judge who heard the defendant's 1998 new trial motion did not determine the moral certainty language issue to be waived but denied the motion on its merits, the issue is properly before this court on appeal. We do not agree that the motion judge denied the defendant's motion on the merits.[11]

In the present case, the motion judge plainly stated that the

ment, for we reject it on other grounds.

Hereinafter, in the interests of consistency and finality, we shall require that a gatekeeper petition pursuant to G. L. c. 278, § 33E, be filed within thirty days of the denial of a motion for a new trial. See *Commonwealth* v. *White,* 429 Mass. 258, 261 (1999) (interpreting Mass. R. A. P. 4 [b], as amended, 378 Mass. 928 [1979], to require notice of appeal from denial of motion for new trial, whenever brought, be filed within thirty days after entry of order denying motion). See also *Commonwealth* v. *Guaba,* 417 Mass. 746, 751 (1994) ("In the interests of consistency and certainty, we hold that the notice of appeal for an interlocutory appeal from an order, under Mass. R. A. P. 4 [b], must be filed within thirty days after the order is filed"); *Commonwealth* v. *Cronk,* 396 Mass. 194, 197 (1985) (request for reconsideration of prior order should be made within reasonable time, which is generally within period allotted for filing notice of appeal); *Commonwealth* v. *Pisa,* 384 Mass. 362, 367 (1981), quoting *Reddick* v. *Commonwealth,* 381 Mass. 398, 403 (1980) ("There must be a reasonable moment for a judgment to become final and a time beyond which further challenges must be barred").

[11]We do not reach the moral certainty question. We recognize from our prior decisions that this question is by nature often a close one — compare *Commonwealth* v. *LaBriola,* 430 Mass. 569 (2000), and *Commonwealth* v. *Smith,* 427 Mass. 245 (1998) (both upholding reasonable doubt instructions containing moral certainty language that convey correct standard of proof to jury), with *Commonwealth* v. *Bonds,* 424 Mass. 698 (1997), and *Commonwealth* v. *Pinckney,* 419 Mass. 341 (1995) (both finding error in use of

moral certainty language issue could have been pursued in the appeal from the denial of the fourth motion. The judge only discussed the contents of the instructions in the interest of "finality."[12] The judge's description of the fourth motion simply indicates that he found the defendant had waived the moral certainly language issue. The motion judge was correct in this conclusion.

Contrary to the defendant's argument, there has been no "careful and detailed" resurrection of the contested issue here, see *Commonwealth* v. *Sibinich*, 33 Mass. App. Ct. 246, 247 (1992), because the motion judge's memorandum of decision did not characterize the defendant's claim as the kind of "deserving situation[]" for which we have said the resurrection power is to be reserved. *Commonwealth* v. *Harrington*, 379 Mass. 446, 449 (1980).

> *Order denying motion for a new trial affirmed.*

---

moral certainty language in absence of sufficient clarification). We note with approval the motion judge's citation to relevant precedent and the record in this case. The motion judge noted, for example, that the term was not used here in isolation and without explanation to the point that it failed to convey the high degree of certainty necessary for conviction. See *Victor* v. *Nebraska*, 511 U.S. 1, 16 (1994); *Commonwealth* v. *Smith, supra* at 252. It is not unreasonable for a motion judge to conclude that, while the jury instructions in this case were not perfect by current standards, they were not as deficient as the charges in *Commonwealth* v. *Bonds, supra, Commonwealth* v. *Pinckney, supra*, and *Cage* v. *Louisiana*, 498 U.S. 39 (1990), in which the inclusion of moral certainty language led to the granting of new trials.

[12]We have repeatedly emphasized the importance of finality. See, e.g., *Rodwell* v. *Commonwealth*, 432 Mass. 1016, 1018 (2000). "The desirability of finality in the adjudication of cases and the Commonwealth's interest in the fair and efficient administration of justice are factors to be considered along with the ever-present concern that justice not miscarry for the defendant." *Commonwealth* v. *Curtis*, 417 Mass. 619, 623 (1994). "[T]he 'principle of finality . . . is essential to the operation of our criminal justice system.' " *Commonwealth* v. *Bray*, 407 Mass. 296, 300 (1990), quoting *Teague* v. *Lane*, 489 U.S. 288, 309 (1989). See note 10, *supra*.