[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-2424

ANTHONY MAZZA,

Petitioner, Appellant,

v.

TIMOTHY HALL,

Respondent, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

---

Anthony Mazza on brief pro se.
Thomas F. Reilly, Attorney General, and Linda A. Wagner, Assistant Attorney General, on brief for appellee.

---

March 4, 2002

---

**Per Curiam**.  The district court held that Anthony Mazza's habeas petition was time-barred because the one year period of limitations, see 28 U.S.C. § 2244(d), had expired prior to its filing.  The court's conclusion was based on its view that the limitations period was not tolled during that fourteen month period between the state superior court's denial of Mazza's new trial motion in December 1996 and Mazza's application for leave to appeal filed in February 1998.

Two pertinent decisions have issued since this district court determination.  In a *prospective* ruling, the Massachusetts Supreme Judicial Court held that a capital defendant must file his application for leave to appeal within 30 days of the superior court's judgment.  Mains v. Commonwealth, 433 Mass. 30, 37 n.10 (2000).  And, in Currie v. Matesanz, ___ F.3d ___, No. 01-1108, 2002 WL 226925 (1st Cir. Feb. 19, 2002), we held that, in the case of a pre-Mains capital defendant in which there was no time limit on the filing of an application for leave to appeal, a properly filed application for state post-conviction review is "pending" for purposes of § 2244(d)(2) from the time it is filed in the state superior court until it is disposed of by an SJC single justice. See Currie v. Matesanz, slip op. at 13.

This appeal is controlled by our decision in Currie. For Mazza, this means that his motion for a new trial was pending for

purposes of § 2244(d)(2) from the time that he filed it in the superior court on May 1, 1995 until the SJC single justice denied it on August 4, 1998.  Since the time during which a properly filed application for State post-conviction review is not counted towards the one year period of limitations, Mazza's one year period did not begin to run until August 5, 1998.  His filing of his federal habeas period petition on July 27, 1999 was within the one year period and thus was timely.[1]  We <u>vacate</u> the district court judgment of dismissal of September 28, 2000 and <u>remand</u> to the district court.

We note that the United States Supreme Court has granted certiorari in a case that may have some bearing on the issue presented here.  <u>See</u> <u>Saffold</u> v. <u>Newland</u>, 250 F.3d 1262 (9th Cir. 2000), <u>cert. granted sub nom</u> <u>Carey</u> v. <u>Saffold</u>, 122 S. Ct. 393 (2001).  Our remand, of course, is without prejudice to either party raising and/or the district court considering the relevance, if any, of a forthcoming Supreme Court <u>Saffold</u> decision.

Appellant's motions for oral argument and appointment of counsel are <u>denied</u>.

<u>Vacated and remanded</u>.

---

[1]Mazza certified that he mailed his habeas petition on July 27, 1999.  It was actually filed in the district court on August 2, 1999.  Even were we to take the August 2nd date as the filing date, the habeas petition was timely.