On appeal, the defendant argues that a judge of the Superior Court abused his discretion when he denied the defendant's motion for a new trial pursuant to Mass.R.Crim.P. 30, as appearing in 435 Mass. 1501 (2001). We affirm.
1. Background. After his convictions of rape and assault and battery by means of a dangerous weapon were reversed on appeal, see Commonwealth v. Rodriguez, 378 Mass. 296 (1979), the defendant fled to California, pleaded nolo contendere to two separate sexual assaults in that State, was returned to Massachusetts following his incarceration in California, and ultimately retried and again convicted of the 1977 rape of a college student and associated assault and battery by means of a dangerous weapon. He was sentenced to life imprisonment after the trial judge considered the seriousness of the defendant's offenses, his history of juvenile delinquency, and his two sexual assault convictions from California. The defendant's motion for a new trial was denied.
On his direct appeal from his convictions and the denial of his motion for a new trial, this court affirmed. See Commonwealth v. Rodriguez, 50 Mass. App. Ct. 405 (2000). Following this affirmance, the defendant filed a motion seeking to revise and revoke his prison sentence, arguing that the trial judge improperly considered the defendant's California convictions to which he had pleaded nolo contendere. A different Superior Court judge denied the motion; the defendant did not appeal. The defendant then filed a petition for G. L. c. 211, § 3, relief in the Supreme Judicial Court, which was denied.
In November, 2014, the defendant filed another motion for new trial. In 2016, another Superior Court judge (motion judge) denied the motion, and this appeal followed.
2. Discussion. a. Ineffective assistance of counsel at sentencing. The defendant first argues that his sentencing counsel was ineffective for failing (1) to object to the trial judge's consideration of the defendant's two California nolo contendere pleas to sexual assault, and (2) to investigate and discover that his juvenile cases were dismissed.
With regard to the California cases, the defendant's argument is not new; this court previously addressed it, as it was a part of the defendant's pro se brief in the direct appeal. See Commonwealth v. Rodriguez, 50 Mass. App. Ct. at 418. As such, direct estoppel operates to bar him from relitigating this claim. See Commonwealth v. Coutu, 88 Mass. App. Ct. 686, 699 (2015), quoting from Commonwealth v. Rodriguez, 443 Mass. 707, 710 (2005) ("[A] defendant is barred from seeking review of claims 'actually litigated' and decided against him").
As to the two juvenile cases, the defendant could have discovered this evidence previously; accordingly, this argument is waived. Rodwell v. Commonwealth, 432 Mass. 1016, 1018 (2000) ("If a defendant fails to raise a claim that is generally known and available at the time of trial or direct appeal or in the first motion for postconviction relief, the claim is waived"). Even if not waived, the motion judge did not abuse his discretion in denying the defendant's motion for new trial on this ground. See Commonwealth v. Spray, 467 Mass. 456, 472 (2014). The motion judge considered sentencing counsel's investigation into the disposition of these juvenile cases, and properly found that counsel's conduct in presenting the trial judge with certified copies of the docket sheet covering these two cases was adequate. Although the defendant presented evidence contradicting information contained on the docket sheet for the juvenile cases, it was within the motion judge's discretion to find that the defendant's sentencing counsel was not ineffective in failing to uncover this evidence. See Strickland v. Washington, 466 U.S. 668, 691 (1984) (counsel only has duty to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary").[2]
b. Ineffective assistance of appellate counsel. The defendant argues that his appellate counsel was ineffective because she had a supposed conflict of interest during her representation of him, which caused her not to pursue aggressively an ineffectiveness claim against his trial counsel. The defendant knew about this alleged conflict of interest before his prior motions for a new trial, but did not raise it. Accordingly, it is waived.
Even excusing waiver of this argument, the motion judge did not abuse his discretion in finding that the defendant has presented at most a potential conflict of interest and has not shown material prejudice in appellate counsel's decision not to subpoena trial and sentencing counsel, because the defendant has not shown that these former counsel would have provided beneficial testimony. See Commonwealth v. Shraiar, 397 Mass. 16, 20 (1986).
c. Prosecutorial misconduct. The defendant next argues that he was denied a fair trial because the prosecutor characterized the juvenile cases as "discharged" rather than "dismissed." Because the defendant failed to previously raise this argument, it is waived. Rodwell, 432 Mass. at 1018. Even if we were to address the merits, the motion judge did not abuse his discretion in denying the defendant's motion on this ground because the defendant points to no meaningful difference between these two characterizations. Indeed, the probation record also uses the word "Disch [arged]." He also argues that the prosecutor committed misconduct when she confirmed that the docket of the juvenile case said it was dismissed. There is no merit to this allegation.
d. Appellate judge's conflict of interest. Finally, we address the defendant's argument that he is entitled to a new trial on the ground that the Appeals Court judge who authored the decision affirming his convictions and the denial of his prior motion for a new trial, had a supposed conflict of interest because she worked in the Attorney General's office at the time of his underlying trial, and his case was prosecuted by a special assistant district attorney who was also working at the Attorney General's office. The defendant has not shown that the Appeals Court judge had "significant, personal involvement as a prosecutor in a critical decision regarding the defendant's case." Williams v. Pennsylvania, 136 S. Ct. 1899, 1905 (2016).[3]
Order dated March 4, 2016, denying motion for new trial affirmed.

Because the defendant has not shown that sentencing counsel was ineffective, his appellate counsel on his third motion for a new trial was not ineffective when she did not raise this claim. See Breese v. Commonwealth, 415 Mass. 249, 256 (1993) ("Appellate counsel [is] not ineffective for choosing to forgo a meritless argument").

The defendant also argues that all of his claims combined rise to a substantial risk of a miscarriage of justice, and that, as such, he is entitled to a new direct appeal, a new trial, or resentencing. As we find that none of these contentions has merit, there is no such risk.