NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-33

COMMONWEALTH

vs.

DAVID J. VIEIRA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2009, following a jury trial, the defendant was convicted of trafficking in over 200 grams of cocaine and sentenced to from fifteen to eighteen years in State prison.  On May 4, 2011, a panel of this court affirmed the defendant's conviction.  See Commonwealth v. Vieira, 79 Mass. App. Ct. 1115 (2011).  Twelve years after his conviction, in 2021, the defendant filed a motion for a new sentencing hearing, claiming that he received ineffective assistance of counsel because his trial counsel failed to adequately prepare an argument for sentencing and failed to provide evidence of mitigating circumstances.  The motion judge denied the defendant's motion without an evidentiary hearing.  This appeal followed.  We vacate the order denying the motion for a new sentencing hearing

and remand the matter for further proceedings consistent with this memorandum and order.

In his direct appeal in 2011, the defendant did not allege any ineffectiveness with regards to deficiency in counsel's sentencing preparation or argument.  Nor did he raise the issue in his motion to revise and revoke his sentence in light of the Supreme Judicial Court's holding in Commonwealth v. Galvin, 466 Mass. 286 (2013).  The trial judge, who decided that motion, resentenced the defendant to a term of no less than twelve years and no more than eighteen years in State prison.

The defendant filed his first motion for new trial in 2016. Although the defendant argued that he received ineffective assistance of counsel, he did so on a different ground, namely conflict of interest between himself and trial counsel.  The trial judge denied the defendant's motion.  The defendant did not allege any ineffectiveness with regards to deficiency in counsel's sentencing preparation or argument.  A panel of this court affirmed the denial of the motion for new trial.  See Commonwealth v. Vieira, 92 Mass. App. Ct. 1123 (2018).  Then, in 2021, the defendant filed his motion for a new sentencing hearing based on ineffective assistance of trial counsel which is the subject of this appeal.  A second judge denied the motion by order dated January 14, 2022.

"If a defendant fails to raise a claim that is generally known and available at the time of trial or direct appeal or in the first motion for postconviction relief, the claim is waived." Rodwell v. Commonwealth, 432 Mass. 1016, 1018 (2000). Here, nothing in the record suggests that the defendant's argument was unavailable at the time of his direct appeal in 2011, or at the time of his first motion for postconviction relief in 2016. Where the defendant failed to raise the argument of ineffective assistance of counsel for failing to prepare for sentencing or to mitigate his sentence in a timely fashion, the arguments typically are waived. See id. See also Mains v. Commonwealth, 433 Mass. 30, 33-34 (2000). Our review, however, does not end there. We still review an otherwise waived claim "to determine whether [any] error gives rise to a substantial risk of a miscarriage of justice." Commonwealth v. Russell, 439 Mass. 340, 345 (2003).

Here, the motion judge's written denial of the defendant's motion for resentencing did not address the defendant's contention that he was prejudiced by his counsel's lack of advocacy regarding sentencing. After his jury trial, the judge sentenced the defendant to from fifteen to eighteen years in State prison. Although the judge originally imposed a minimum mandatory sentence of fifteen years, the judge could have set the maximum sentence as low as fifteen years and one day, and as

3

high as twenty years. See G. L. c. 94C, § 32E (b) (4), as appearing in St. 1988, c. 124. The defendant's trial counsel, however, made minimal argument as to the upper end of his potential sentence, simply asking the judge to impose a sentence of from fifteen years to fifteen and one day without stating any reasons why such a sentence would be appropriate. Trial counsel also presented no mitigating information in an effort to persuade the judge to give a lower maximum sentence. The defendant argues that trial counsel should have informed the judge that "when Mr. Vieira was six years old, he returned home from camp one day to find his mother murdered by his father."

It is possible that if counsel had offered mitigating information at sentencing, the trial judge may not have sentenced the defendant to the portion of the sentence exceeding fifteen years. See Commonwealth v. Lykus, 406 Mass. 135, 146 (1989); Commonwealth v. Cameron, 31 Mass. App. Ct. 928, 930 (1991). Indeed, in the defendant's unrelated Federal case in which the judge was informed of this information, the judge agreed that the "psychological and emotional injury caused by the murder of his mother" mitigated the defendant's criminal culpability.

The motion judge who heard the defendant's 2021 motion for a new sentencing hearing made no finding whether effective advocacy regarding mitigation at sentencing would have affected

4

the maximum sentence the defendant received in 2009.  Without substantive findings from the motion judge as to both the effectiveness of trial counsel's sentencing argument and potential prejudice from trial counsel's failure to mention relevant mitigating information, we are not equipped to review the defendant's claim.  See Commonwealth v. Williams (No. 1), 68 Mass. App. Ct. 287, 290-291 (2007).  We are thus compelled to remand the matter for further findings and rulings on the defendant's claim that his attorney provided ineffective assistance by failing to present mitigating information at sentencing and, if so, whether the defendant was prejudiced in any way.

We vacate the order dated January 14, 2022, denying the motion for a new sentencing hearing and remand the matter for further proceedings consistent with this memorandum and order. We express no opinion as to the merits of the defendant's claim. On remand, the judge may consider whether an evidentiary hearing is necessary to address the defendant's claim of prejudice

because of ineffective sentencing advocacy and failure to provide mitigation.

<u>So ordered</u>.

By the Court (Wolohojian, Milkey & D'Angelo, JJ.[1]),

*[signature]*

Assistant Clerk

Entered: February 5, 2024.

---

[1] The panelists are listed in order of seniority.