**James J. RODWELL, Petitioner,**

v.

**Peter A. PEPE, Jr., Respondent.**

**No. CIV. A. 86–02455–WGY.**

United States District Court,
D. Massachusetts.

Aug. 28, 2001.

---

Kevin J. Reddington, Law Offices of Kevin J. Reddington, Brockton, MA, for petitioner.

Kenneth E. Steinfield, Office of the Attorney General, Criminal Bureau, Boston, MA, for respondent.

---

## MEMORANDUM AND ORDER

YOUNG, Chief Judge.

The petitioner, James J. Rodwell ("Rodwell"), has filed a motion with this Court to reopen his petition for writ of habeas corpus, which this Court denied as without merit on April 13, 1987. *Rodwell v. Fair*, No. 86–2455, slip op. at 1 (D.Mass. Apr. 13, 1987), *aff'd*, 834 F.2d 240 (1st Cir.1987) (per curiam).

### I. Background [1]

The victim in this case was shot and killed on December 3, 1978 in Somerville, Massachusetts. Two and a half years later, in the spring of 1981, Francis X. Holmes, Jr. ("Holmes"), while under arrest for another crime, informed police that he had been Rodwell's accomplice in committing the murder. Holmes subsequently testified as an immunized witness at Rodwell's trial, pursuant to Massachusetts General Laws chapter 233, section 20E. *Fair*, slip op. at 1–2; *Commonwealth v. Rodwell*, 394 Mass. 694, 695, 477 N.E.2d 385 (1985).

After Rodwell was arrested, he was held in lieu of bail at the Middlesex County house of correction in Billerica, Massachusetts. While there, Rodwell became acquainted with a fellow prisoner, David Nagle ("Nagle"). At Rodwell's trial, Nagle testified that Rodwell had admitted to him that he had murdered the victim and had described the circumstances of the crime to him.[2] *Fair*, slip op. at 2; 394 Mass. at 695, 477 N.E.2d 385.

The Commonwealth relied primarily on Holmes's and Nagle's testimony in making

---

1. The Court relies on the opinion of the Supreme Judicial Court in *Rodwell v. Commonwealth*, 432 Mass. 1016, 732 N.E.2d 287 (2000) (rescript) for this background information. Additional sources are indicated in the text where they are relevant.

2. Under Massachusetts General Laws chapter 233, section 20I, Holmes's testimony required corroboration, and Nagle's testimony was introduced by the prosecution for this purpose. *Fair*, slip op. at 2.

a case against Rodwell. *Fair*, slip op. at 2. Based on this evidence, in 1981, a jury convicted Rodwell of murder in the first degree, armed robbery, and unlawfully carrying a firearm. Rodwell was sentenced to a mandatory term of life imprisonment for the murder conviction, a concurrent sentence of fifteen to twenty years for the armed robbery conviction, and a concurrent sentence of three to five years for the firearm conviction.

In 1983, Rodwell filed his first motion for a new trial, which was denied by the trial judge. Two years later, in 1985, the Supreme Judicial Court affirmed both Rodwell's conviction and the denial of his motion for a new trial. At that time, the Supreme Judicial Court reviewed the entire case pursuant to Massachusetts General Laws chapter 278, section 33E.[3] In 1986, Rodwell filed a second motion for a new trial, which was again denied by the trial judge. Rodwell then filed an application in the county court pursuant to section 33E for leave to appeal to the full Supreme Judicial Court, which was denied.

Having exhausted his state appeals, Rodwell sought a writ of habeas corpus in this Court asserting violations of his Sixth Amendment right to assistance of counsel and the right to be confronted with the witnesses against him. *Fair*, slip op. at 1. "His basic claim [was] that David Nagle, who testified about incriminating statements Rodwell had made when they were imprisoned together, was an undercover government agent[, and that this] amount[ed] to a state interrogation after his indictment and without his lawyer

present, which violates the Sixth Amendment." 834 F.2d at 241. On April 13, 1987, this Court concluded that Rodwell had shown neither cause nor prejudice for his failure to raise the issue in accordance with state procedural rules and that, aside from this procedural default, his claims were without merit. The Court denied Rodwell's petition for writ of habeas corpus, *Fair*, slip op. at 2, 3–7, and the First Circuit affirmed, 834 F.2d at 241–42.

Rodwell filed a third motion for a new trial in 1993. After a hearing, a Superior Court justice denied the motion. A single justice of the Supreme Judicial Court denied Rodwell's application to appeal to the full court. In 1997, Rodwell filed a fourth motion for a new trial. After concluding that Rodwell had waived the issues raised in the motion, a Superior Court justice denied it. Rodwell's motion to reconsider was also denied. Rodwell then petitioned the county court for permission to appeal to the full Supreme Judicial Court, but this request was denied.

In 1998, Rodwell filed a fifth post-conviction motion, seeking a new trial pursuant to Massachusetts Rule of Criminal Procedure 30(b) and correction of an illegal sentence pursuant to Massachusetts Rule of Criminal Procedure 30(a). He raised several issues in his motion, including, for the first time, the illegality of his armed robbery sentence as duplicative. A Superior Court justice concluded that the issues raised had been waived and refused to consider them. Rodwell filed a petition to a single justice to appeal to the full Su-

---

**3.** Section 33E provides that in a case in which the defendant was tried and convicted of murder in the first degree, the Supreme Judicial Court may review the law and the evidence of the whole case. After such review, the court may, if satisfied that the verdict was against the law or the weight of the evidence, or because of newly discovered evidence, or for any other reason that justice may require (a) order a new trial or (b) direct the entry of a verdict of a lesser degree of guilt, and remand the case to the superior court for the imposition of sentence.

Mass. Gen. Laws ch. 278, § 33E.

preme Judicial Court, and the single justice allowed so much of the petition as concerned Rodwell's waiver of the claim regarding the legality of the armed robbery sentence. On July 28, 2000, the full Supreme Judicial Court dismissed the appeal upon concluding that Rodwell had waived the claim that his sentence for armed robbery was illegal.

## II. The Instant Motion

On July 6, 2001, nearly a year after the dismissal of his appeal by the Supreme Judicial Court, Rodwell filed the motion currently before this Court, entitled "Motion to Re–Open Petition for Habeas Corpus." Rodwell asserts that newly discovered evidence reveals that he is actually innocent of the crimes of which he was convicted and that his conviction is constitutionally infirm. Pet'r's Mot. at 1. Specifically, Rodwell argues that: (1) he should have been afforded a hearing to demonstrate that Nagle's testimony ought be precluded as that of a government agent, Pet'r's Mem. at 16–28; (2) the prosecution withheld substantial information about Nagle's potential bias, incentive to implicate Rodwell, and false testimony that would have been exculpatory, *id.* at 28–45; (3) this intentional withholding of potentially exculpatory information by the prosecution denied Rodwell his due process and Sixth

Amendment rights to confront the witnesses against him, *id.* at 45–62; and (4) the jury foreperson's prejudice and the prosecutor's comments on the "type of person" Rodwell was entitled him to a hearing as to whether jury deliberations were infected by prejudicial extraneous considerations, *id.* at 62–64.

## III. Analysis

Rodwell has styled the instant motion as a motion to reopen his previous petition for writ of habeas corpus, which this Court denied in 1987. Although Rodwell does not inform the Court of either the procedural vehicle or the legal authority pursuant to which the Court ought consider the motion to reopen, the Court construes Rodwell's motion as one brought pursuant to Federal Rule of Civil Procedure 60(b), which grants to district courts limited authority to reconsider final judgments.[4] This Court can think of no other authority pursuant to which it could reopen Rodwell's previous habeas petition subsequent to the entry of a final judgment thereon. *Cf. Berthoff v. United States,* 140 F.Supp.2d 50, 58 (D.Mass.2001) (noting that the petitioner had not sought relief from the Court's judgment pursuant to Rule 60(b) and stating that the "Court is without authority to allow an amendment

---

4.  Federal Rule of Civil Procedure 60(b) states:

    On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or oth-

    erwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

    *Id.*

    Rodwell arguably might rely on either section 2 or section 6 of Rule 60(b). Under section 2, however, Rodwell's arguments are untimely. *See id.* (establishing that motions under Rule 60(b) must be made "within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken"). Therefore, Rodwell's remedy, if any, must lie under section 6.

to the pleadings after judgment has been rendered and while the judgment still remains in force"), *appeal filed,* No. 01–1592 (1st Cir. Apr. 20, 2001).

Having construed Rodwell's motion as one pursuant to Rule 60(b)(6), however, this Court is presented with a question that has not previously been addressed in the First Circuit: whether a Rule 60(b)(6) motion, seeking vacatur of a judgment denying habeas relief, is in effect a second or successive habeas petition under 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, §§ 101–107, 110 Stat. 1214, 1217–26 (reforming habeas corpus statute).

Nearly every circuit to have considered this issue has concluded that a post-judgment Rule 60(b) motion filed in a habeas proceeding is a second or successive habeas petition. *E.g., Thompson v. Calderon,* 151 F.3d 918, 921 (9th Cir.1998) (en banc) ("[W]hen the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b) . . . the Rule 60(b) motion should be treated as a successive habeas petition."); *Lopez v. Douglas,* 141 F.3d 974, 975 (10th Cir.1998) (per curiam) (holding that the petitioner's Rule 60(b)(6) motion was a second habeas petition); *United States v. Rich,* 141 F.3d 550, 551 (5th Cir.1998) (noting "recent trend . . . to treat motions by federal prisoners to set aside their convictions on constitutional grounds as [habeas] motions, regardless of the label affixed to the motion"), *cert. denied,* 526 U.S. 1011, 119 S.Ct. 1156, 143 L.Ed.2d 221 (1999); *Burris v. Parke,* 130 F.3d 782, 783 (7th Cir.1997) ("Appellate courts agree that a post-judgment motion under Fed.R.Civ.P. 60(b) in the district court . . . is a 'second or successive' application for purposes of § 2244(b)."); *Felker v. Turpin,* 101 F.3d 657, 660–61 (11th Cir.1996) (per curiam)

(holding that district court properly denied petitioner's Rule 60(b) motion for relief from judgment because it should have been treated as a second or successive habeas corpus application); *McQueen v. Scroggy,* 99 F.3d 1302, 1335 (6th Cir.1996) ("We agree with those circuits that have held that a Rule 60(b) motion is the practical equivalent of a successive habeas corpus petition . . . ."); *Hunt v. Nuth,* 57 F.3d 1327, 1339 (4th Cir.1995) ("[A] district court may properly treat a Rule 60(b) motion as a successive habeas petition . . . ."); *Blair v. Armontrout,* 976 F.2d 1130, 1134 (8th Cir.1992) (holding that the district court did not err by treating the petitioner's "Rule 60(b)(6) motion as the functional equivalent of a second petition for a writ of habeas corpus"); *Landano v. Rafferty,* 897 F.2d 661, 668 (3d Cir.1990) (evaluating Rule 60(b) motion as habeas petition and dismissing on nonexhaustion grounds). *Contra Rodriguez v. Mitchell,* 252 F.3d 191, 200 (2d Cir.2001) (asserting that the opinions of these courts "depend largely on conclusory statements and citations to one another," and holding that "better reasons support the conclusion that a Rule 60(b) motion to vacate a judgment denying habeas is not a second petition under § 2244(b)").

This Court is persuaded that the First Circuit would concur with the reasoning of the overwhelming majority of circuit courts to have considered this issue. Where a petitioner calls upon the court to set aside his conviction on constitutional grounds, his motion is properly construed as a habeas motion, regardless of the heading under which that motion is presented. Rodwell has moved to "reopen" his previous petition, presumably under the procedural rubric of Rule 60(b)(6). Nevertheless, because the substance of his claim is a challenge to the constitutionality of his conviction, in light of material exculpatory information that was allegedly with-

held from him by the prosecution, Rodwell's motion is the functional equivalent of a second or successive habeas petition. "Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions. That was true before [AEDPA] was enacted, and it is equally true, if not more so, under the new act." *Felker*, 101 F.3d at 661.

Because Rodwell's motion to reopen his habeas petition properly is construed as a second habeas corpus application, Rodwell must comply with AEDPA's relevant provisions. AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas petitions. To the extent that Rodwell asserts claims that he presented to this Court in his previous habeas petition, these claims must be dismissed. 28 U.S.C. § 2244(b)(1). To the extent that Rodwell asserts claims that were not presented to this Court in his previous petition, Rodwell must seek authorization from the court of appeals before this Court can consider these claims.[5]  *Id.* § 2244(b)(3)(A); *Libby v. Magnusson*, 177 F.3d 43, 45 (1st Cir.1999) ("Under [AEDPA's] paradigm, a second or successive habeas petition is not a matter of right— and the gatekeeping function belongs to the court of appeals, not to the district court.").

It would be futile for this Court to refer Rodwell to the First Circuit to obtain such authorization, however, because Rodwell previously sought, and was denied, leave to file a second petition. *See* Pet'r's Mot. Ex. 1 (Reddington Aff. ¶ 10). A three-judge panel of the First Circuit considered the arguments that Rodwell raises in the instant petition and determined that Rodwell

> fail[ed] to make a *prima facie* showing that his grounds rely on any new factual predicate which could not have been discovered through the exercise of due diligence when he filed his first § 2254 petition and which would show that no reasonable factfinder would have found him guilty of the underlying offense.

*Rodwell v. Pepe*, No. 99–2109, slip op. at 1 (1st Cir. Nov. 4, 1999) (per curiam) (citing 28 U.S.C. §§ 2244(b)(2)(B) & (b)(3)(C)). The First Circuit further noted that "Rodwell was aware of the existence of much of the information when he filed his first petition. He fails to develop any argument that the remaining information was both unobtainable and probative." *Id.* Rodwell does not suggest in his motion to this Court that his circumstances have changed between the date of the panel decision, November 4, 1999, and the date that the instant petition was filed, July 6, 2001. Thus, further solicitation by Rodwell of the First Circuit for an order authorizing this Court to consider his petition would likely prove fruitless.

In light of Rodwell's failure to obtain prior authorization from the First Circuit to file the instant petition in this Court, this Court lacks jurisdiction to decide Rodwell's unauthorized second petition.[6]  *See* 28 U.S.C. § 2244(b)(3)(E) ("The grant or

---

**5.** In order to proceed with claims that were not previously presented to this Court, Rodwell would have to make a prima facie showing that the claims are either predicated on newly discovered facts that call into question the accuracy of his guilty verdict, 28 U.S.C. § 2244(b)(2)(B), or rely on a new rule of constitutional law, *id.* § 2244(b)(2)(A). *Id.* § 2244(b)(3)(C).

**6.** Even if this Court were to reach the merits of Rodwell's motion, however, it would still conclude that Rodwell cannot avail himself of Rule 60(b)(6). Although many courts have indicated that Rule 60(b) motions should be granted liberally, *see Davila–Alvarez v. Escuela de Medicina Universidad Central Del Caribe*, 257 F.3d 58, 63 n. 8 (1st Cir.2001) (citing cases from Second, Fifth, and Eleventh Circuits), the First Circuit has adopted a stricter approach. "Because Rule 60(b) is a vehicle

denial of an authorization by a court of appeals to file a second or successive application shall not be appealable . . . .").

## IV. Conclusion

The Court construes Rodwell's motion as one pursuant to Federal Rule of Civil Procedure 60(b)(6) to vacate this Court's judgment of April 13, 1987, which denied Rodwell's first petition for writ of habeas corpus. Rodwell's motion under Rule 60(b)(6) is in substance a second habeas petition and thus subject to the gatekeeping standards of AEDPA. 28 U.S.C. § 2244(b)(3). Because the First Circuit has previously declined to authorize this Court to consider Rodwell's habeas petition, *Pepe,* slip op. at 1, Rodwell's "Motion to Re–Open Petition for Habeas Corpus" [Docket No. 1] is DISMISSED for want of subject matter jurisdiction.

for extraordinary relief, motions invoking the rule should be granted only under exceptional circumstances." *Id.* at 64 (quoting *de la Torre v. Cont'l Ins. Co.,* 15 F.3d 12, 14–15 (1st Cir.1994)) (internal quotation marks omitted).

Rodwell has not presented this Court with any evidence that exceptional circumstances are here present such as would warrant granting his motion to reopen. Rodwell's motion merely resurrects claims that this Court considered in his first habeas petition. Although Rodwell alleges that newly discovered facts prove his innocence, he has not demonstrated that these alleged facts could not have been discovered through the exercise of due diligence when he filed his first section 2254 petition. Thus, Rodwell does not appear to have any basis to seek relief pursuant to Rule 60(b)(6).