# United States Court of Appeals
## For the First Circuit

No. 01-2411

JAMES J. RODWELL,

Petitioner, Appellant,

v.

PETER A. PEPE, JR., ETC.,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Selya, Circuit Judge,

Stahl, Senior Circuit Judge,

and Lynch, Circuit Judge.

Kevin J. Reddington for petitioner.
Dean A. Mazzone, Assistant Attorney General, with whom Thomas F. Reilly, Attorney General, was on brief, for respondent.

April 1, 2003

**SELYA**, **Circuit Judge**. The case at bar presents a question of first impression in this circuit regarding the circumstances under which a state prisoner may use Rule 60(b) of the Federal Rules of Civil Procedure as a vehicle for resurrecting a previously dismissed habeas petition. There are three principal schools of thought on this controversial subject. Some courts have held that Rule 60(b) remains fully velivolant in the habeas context. Others have held that the restrictions imposed on the filing of second or successive applications for habeas relief by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, §§ 101-107, 110 Stat. 1214, 1217-26 (codified as amended in 28 U.S.C. §§ 2244, 2253-2255, 2261-2266 (2000)), make Rule 60(b) unavailable to habeas petitioners. A third camp consists of courts that, with slight variations, advocate a course somewhere between these extremes.

We align ourselves with the third camp. AEDPA's restrictions on the filing of second or successive habeas petitions make it implausible to believe that Congress wanted Rule 60(b) to operate under full throttle in the habeas context. But even though state prisoners seeking habeas relief should not be able to use Rule 60(b) as a means of avoiding AEDPA's carefully calibrated limitations on habeas petitions, we see no justification for throwing out the baby with the bath water. Consequently, we hold that a Rule 60(b) motion should be treated as a second or

-2-

successive habeas petition if — and only if — the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction. In other cases — cases in which the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured — the motion may be adjudicated under the jurisprudence of Rule 60(b).

In this instance, the petitioner's Rule 60(b) motion is the functional equivalent of a new habeas petition. Because that triggers the AEDPA's requirements for second or successive habeas petitions, we affirm the district court's order of dismissal.

## I.  TRAVEL OF THE CASE

Since this appeal turns on a question of procedure, the travel of the case comprises the relevant background.

In November of 1981, petitioner-appellant James J. Rodwell stood trial in a Massachusetts state court on a number of charges, including first degree murder, armed robbery, and unlawful carriage of a firearm. One of the key witnesses against him was a fellow inmate, David Nagle, who testified that, while awaiting trial, the petitioner had admitted to the murder and furnished many details. The jury found the petitioner guilty. The court thereafter imposed a mandatory term of life imprisonment on the murder charge and lesser sentences on the other counts.

In 1983, the petitioner filed an unsuccessful motion for a new trial. Two years later, the Massachusetts Supreme Judicial Court (SJC) affirmed both his conviction and the denial of his new trial motion. See Commonwealth v. Rodwell, 477 N.E.2d 385 (Mass. 1985). The following year, the petitioner filed another unsuccessful motion for a new trial. This time, the SJC denied his application for further appellate review.

Having exhausted his state remedies, the petitioner sought a writ of habeas corpus in the United States District Court for the District of Massachusetts. He named, as the respondent, a state correctional official.[1] His petition alleged that Nagle was, in effect, an undercover government agent while he and the petitioner were incarcerated together; that Nagle's inquiries about the crime amounted to a post-indictment state interrogation without his lawyer present; that Nagle's testimony should have been excluded as procured in violation of the Sixth Amendment; and that, therefore, his conviction could not pass constitutional muster. The district court denied the petition. Rodwell v. Fair, No. 86-2455, slip op. (D. Mass. Apr. 13, 1987) (unpublished). We affirmed the denial, holding that the petitioner had not shown "cause" for failing to present evidence in support of his Sixth Amendment claim

---

[1]The original respondent, Michael Fair, is no longer in office. His successor, Peter A. Pepe, Jr., has been substituted by operation of law. See Fed. R. Civ. P. 25(d)(1); Fed. R. App. P. 43(c)(2).

in the state court.  Rodwell v. Fair, 834 F.2d 240, 241-42 (1st Cir. 1987) (per curiam).

The petitioner was not deterred.  Following a lull, he filed three more motions for a new trial in the state courts.  Each of these was denied, and further appeals in the state system proved fruitless.

At that juncture, the petitioner again eyed a federal forum — but an obstacle loomed.  The AEDPA had taken effect and, under its terms, state prisoners cannot file second or successive federal habeas petitions as a matter of right.  See 28 U.S.C. § 2244(b)(3).  Rather, a state prisoner who desires to file a second or successive habeas petition must secure pre-clearance from the court of appeals.  See id. § 2244(b)(3)(A).  On October 4, 1999, the petitioner invoked this provision and requested permission to file a second habeas corpus petition.

A panel of this court carefully considered his application and concluded that the petitioner had failed to produce any new facts, sufficient to show his actual innocence clearly and convincingly, which could not have been discovered through the exercise of due diligence at or before the time when he filed his first federal habeas petition.  Rodwell v. Pepe, No. 99-2109, slip op. at 1 (1st Cir. Nov. 4, 1999) (unpublished).  Consequently, the panel refused the petitioner's request to file a second federal

habeas petition.  Id.  Under the AEDPA, this decision was final and unappealable.  See 28 U.S.C. § 2244(b)(3)(E).

Attempting to find a crack in the wall that Congress had erected to guard against the profligate filing of successive applications for post-conviction relief, the petitioner repaired to the district court.  On July 6, 2001, he filed a motion to reopen his original federal habeas case.  Asserting that the prosecution had suppressed "exculpatory evidence" that shed doubt on Nagle's status and that "it was not until well after his conviction, direct appeal and habeas denial that th[is] significant impeachment information was unearthed," he asked the district court to reverse its earlier denial of habeas relief.

The district court, Rodwell v. Pepe, 183 F. Supp. 2d 129, 133 (D. Mass. 2001), reasonably construed the petitioner's motion as one brought pursuant to Federal Rule of Civil Procedure 60(b)[2]

_____

[2]The rule states in pertinent part:

On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct by an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, . . . or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).  Motions under this rule must be made "within a reasonable time, and for reasons (1), (2), and (3) not

— a characterization that the petitioner enthusiastically embraced. Turning to the question of whether a Rule 60(b) motion seeking vacation of a judgment denying habeas relief should be treated as a second or successive habeas petition for AEDPA purposes, the district court answered that question affirmatively. Id. at 133-34. On that basis, the court ruled that it was without jurisdiction to hear the motion. Id. at 134-35 (citing 28 U.S.C. § 2244(b)(3)). In a subsequent order, the court, recognizing that the pertinent authorities were in some disarray, granted a certificate of appealability (COA), see 28 U.S.C. § 2253(c), thus allowing this appeal to proceed.

## II. ANALYSIS

The COA poses a single question: does a motion for relief presented pursuant to Rule 60(b) constitute a second or subsequent petition under the AEDPA? Despite its narrowness, this question has significant implications for habeas procedure — and the courts of appeals that heretofore have grappled with it have reached divergent conclusions.

We begin by addressing the certified question. After answering it, we proceed to apply the answer to the case at bar.

---

more than one year after the judgment . . . was entered or taken." Id.

## A. **Determining the Rule of Law**.

As said, the decisions elsewhere have yielded three lines of cases. We turn first to the polar extremes.

The Second Circuit has ruled categorically that "a motion under Rule 60(b) to vacate a judgment denying habeas is not a second or successive habeas petition and should therefore be treated as any other motion under Rule 60(b)." Rodriquez v. Mitchell, 252 F.3d 191, 198 (2d Cir. 2001). The court reasoned that a Rule 60(b) motion does not seek the relief requested by a habeas petition, but, rather, "seeks only to vacate the federal court judgment dismissing the habeas petition." Id. That is "merely a step along the way" to habeas relief. Id. at 199. Consequently, affording Rule 60(b) its customary scope does not offend the AEDPA. Id.

At the other end of the spectrum, several courts have concluded that a Rule 60(b) motion in a habeas case must always be treated as a second or successive habeas petition under the AEDPA. See, e.g., Mobley v. Head, 306 F.3d 1096, 1096 (11th Cir. 2002); Lopez v. Douglas, 141 F.3d 974, 975 (10th Cir. 1998) (per curiam); McQueen v. Scroggy, 99 F.3d 1302, 1335 (6th Cir. 1996). The Eleventh Circuit is the leading proponent of this proposition. In that court's view, according Rule 60(b) its customary scope in habeas cases would allow prisoners to cloak collateral attacks in the raiment of motions for relief from judgment under Rule 60(b)

-8-

and thereby evade the limitations that Congress so painstakingly crafted in the AEDPA. See Mobley, 306 F.3d at 1096; Felker v. Turpin, 101 F.3d 657, 661 (11th Cir. 1996) (per curiam). Based on this rationale, the court concluded that allowing habeas petitioners access to Rule 60(b) would contravene the very congressional intent that motivated passage of the AEDPA. See Felker, 101 F.3d at 661 ("Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions. That was true before the [AEDPA] was enacted, and it is equally true, if not more so, under the new act.").

Neither of these categorical approaches is watertight. On the one hand, the permissive approach taken by the Rodriguez court seems to elevate form over substance. In the process, it opens the door for easy subversion of the AEDPA's restrictions (and, thus, frustrates known congressional intent). On the other hand, the rigid rule adopted in cases such as Mobley and Felker seems to sweep too broadly. That rule makes no allowance for circumstances, arising in the course of a federal habeas proceeding, which might justify setting aside a judgment denying habeas relief although not addressing the underlying criminal conviction. Mistake and fraud are examples of such a circumstance. Say, for instance, that a federal judge dismisses a habeas petition because the petitioner fails to respond to a show-cause order — and a subsequent Rule 60(b) motion alleges that the show-cause order

was never served on the petitioner.  Or say, for instance, that the federal court bases an order of dismissal on the representations of a state prosecutor — and a subsequent Rule 60(b) motion alleges that the representations made to the habeas court were knowingly false.  In each situation, the motion challenges only the etiology of the habeas judgment itself.  Accordingly, it makes sense to consider the motion as a Rule 60(b) motion simpliciter rather than as a second or successive habeas petition.

Given these concerns, we are reluctant to subscribe to a "one size fits all" taxonomy for the handling of Rule 60(b) motions in the habeas context.  The inquiry must proceed case by case.  The court must examine the factual predicate set forth in support of a particular motion.  When the motion's factual predicate deals primarily with the constitutionality of the underlying state conviction or sentence, then the motion should be treated as a second or successive habeas petition.  This situation should be distinguished from one in which the motion's factual predicate deals primarily with some irregularity or procedural defect in the procurement of the judgment denying habeas relief.  That is the classic function of a Rule 60(b) motion, see, e.g., Teamsters, Chauffeurs, Warehousemen & Helpers Union v. Superline Transp. Co., 953 F.2d 17, 19-20 (1st Cir. 1992), and such a motion should be treated within the usual confines of Rule 60(b).

The approach that we favor is pragmatic in nature. Under it, the answer to the question of what law applies will depend not on the label affixed to a particular motion but on its essence. This approach is exemplified by the Seventh Circuit's opinion in Dunlap v. Litscher, 301 F.3d 873 (7th Cir. 2002). The Dunlap court warned against permitting facile circumvention of the AEDPA's limitations on successive collateral attacks by the simple expedient of characterizing a habeas petition as a motion under Rule 60(b). Id. at 875. "Otherwise, the AEDPA's limitations on collateral attack would be set at naught." Id. But the court acknowledged that "Rule 60(b) has a very broad scope and it is easy to imagine cases in which allowing a prisoner to file a motion under it would pose no risk of conflict with the limitations that AEDPA places on successive collateral attacks . . . ." Id. at 875-76. Thus, the court signaled that it would allow the use of Rule 60(b) in habeas cases as long as a particular motion did not encroach upon "territory occupied by AEDPA." Id. at 876.

Other courts also have taken this approach (or variations of it). See Thompson v. Calderon, 151 F.3d 918, 921 & n.3 (9th Cir. 1998) (en banc) (acknowledging that a Rule 60(b) motion ordinarily "should be treated as a successive habeas petition," but eschewing "a bright line rule equating all Rule 60(b) motions with successive habeas petitions"); United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998) (indicating a willingness to consider whether

-11-

a Rule 60(b) motion "is the functional equivalent of a [habeas petition]"); Hunt v. Nuth, 57 F.3d 1327, 1339 (4th Cir. 1995) (treating a Rule 60(b) motion as a successive habeas petition because the claims raised "were equivalent to additional habeas claims"); Guinan v. Delo, 5 F.3d 313, 316 (8th Cir. 1993) (stating that "a Rule 60(b) motion seeking relief from the denial of a habeas petition [is] properly treated as a second habeas petition," but leaving open "the possibility that a habeas case may present circumstances in which a Rule 60(b) motion might properly be examined as such"); see also Mobley, 306 F.3d at 1101 (Tjoflat, J., dissenting) (pointing out that "a second or successive habeas corpus petition . . . is meant to remedy constitutional violations . . . while a Rule 60(b) motion is designed to cure procedural violations"). We join with the overall approach of these courts and hold that a district judge should treat a Rule 60(b) motion in a habeas case as a second or successive habeas petition whenever the motion threatens to encroach upon precincts patrolled by the AEDPA, that is, whenever the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction. In contrast, if the factual predicate of the motion challenges only the procurement of the federal habeas judgment, it may be adjudicated under Rule 60(b).

We do not pretend that this test will operate with mathematical precision. One can conjure up examples that defy easy placement along the continuum that we envision. But words have their limitations, and no bright-line rule can entirely capture the idea, reflected in our holding, that a Rule 60(b) motion should be considered and adjudicated as a second or successive habeas petition so long as it is the functional and practical equivalent of an application for habeas relief. We are confident that, given this general guidance, the district courts will be able to sift wheat from chaff without undue difficulty.

## B. **Applying the Holding**.

We next apply this holding to the petitioner's motion. That motion presents a direct challenge to the constitutionality of his state court conviction. It asks the district court for an opportunity to offer facts that (in the petitioner's view) will prove that his conviction was "constitutionally infirm." Such a claim is a paradigmatic habeas claim. It is, therefore, subject to AEDPA's restrictions on the filing of second or successive habeas petitions, rather than to the conventional jurisprudence of Rule 60(b).

In an effort to alter this conclusion, the petitioner argues that the evidence upon which he now relies was improperly withheld during earlier proceedings (including the original habeas proceeding), thus constituting an "ongoing fraud" that challenges

the integrity of the habeas judgment itself. This argument is clever, but flawed. For one thing, it seeks to accomplish an end run around the strict limitations that the AEDPA imposes upon the filing of second or successive habeas petitions. For another thing, it runs afoul of the law of the case doctrine. After all, the petitioner presented essentially the same material to this court in his unsuccessful effort to secure permission to file a second habeas petition. We ruled then that the petitioner was aware of much of the evidence in question at the time of his first habeas petition yet "fail[ed] to develop any argument that the remaining information was both unobtainable and probative." The law of the case doctrine ordinarily calls for us to honor our previous assessment, see Ellis v. United States, 313 F.3d 636, 646-47 (1st Cir. 2002), and there is no valid reason to do otherwise here.

To cinch matters, the petitioner concedes that, on the record then before it, the district court committed no error in its handling of the original habeas proceeding such as would undermine the procurement of the judgment entered therein. The most that can be said for his present position is that the district court, if it had the benefit of a more elaborate presentation of the facts concerning the Faustian bargain between Nagle and the prosecutor, would have ruled differently in the habeas case and set aside the

underlying conviction.  So viewed, the motion before us is the practical equivalent of a second or successive habeas petition.

We add a coda.  We acknowledge that, despite the petitioner's numerous attempts to expose the full extent of the relationship between Nagle and the state prosecutor, no court has exhaustively addressed that claim.  Some of these lost opportunities may fairly be attributed to procedural errors on the petitioner's part.  Others, however, are linked to the stringent filters that channel consideration of habeas corpus claims under the AEDPA.  This regimen, though harsh, dovetails with Congress's intent.  See H.R. Rep. No. 104-23 (1995), 1995 WL 56412, at *8 (explaining that the AEDPA is "designed to curb the abuse of the habeas corpus process, and particularly to address the problem of delay and repetitive litigation").  Section 2244(b)(3) establishes a rigorous gatekeeping arrangement through which second or successive habeas applications must pass, and it was the petitioner's inability to open that gate that kept the district court from probing more deeply into the circumstances surrounding Nagle's testimony.  This may seem overly restrictive — but any complaint about the inadequacy of the mechanisms available for judicial review in habeas cases ordinarily must be addressed to the Congress, not to the courts.  See Felker v. Turpin, 518 U.S. 651, 664 (1996) (recognizing that "judgments about the proper scope of the [habeas] writ are normally for Congress to make"); see also

-15-

United States v. Victoria-Peguero, 920 F.2d 77, 81 (1st Cir. 1990) (stating this court's resolve to refrain from "substitut[ing] judicial judgment for legislative judgment or . . . plac[ing] limitations on [statutory language] which were not envisioned by Congress").

## III. CONCLUSION

We need go no further. We hold that the lower court appropriately treated the petitioner's Rule 60(b) motion as a second or successive habeas petition. Therefore, the court had no choice but to dismiss the motion for lack of subject matter jurisdiction. See 28 U.S.C. § 2244(b)(3).

**Affirmed**.