# United States Court of Appeals
## For the First Circuit

No. 02-2701

CHRISTOPHER MUNOZ,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté,  U.S. District Judge]

Before

Selya, Lipez and Howard,
Circuit Judges.

Christopher Munoz  on Application for a Certificate of Appealability pro se.

May 29, 2003

**Per Curiam**.  After the district court had summarily dismissed his petition to set aside his conviction and sentence under 28 U.S.C. § 2255 (2000) — a statute that provides what we have termed a surrogate for habeas corpus, see Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002) — petitioner-appellant Christopher Munoz, a federal prisoner, invoked Fed. R. Civ. P. 60(b) and filed a motion for relief from the dismissal order.  The district court denied that motion as well.  The petitioner appealed and now moves this court for a certificate of appealability (COA).  See 28 U.S.C. § 2253.  Because his notice of appeal is timely only as to the district court's disposition of the Rule 60(b) motion, we do not frontally address the claims raised in his section 2255 petition. See Browder v. Director, Ill. Dep't of Corrections, 434 U.S. 257, 263 n.7 (1978).

We recently determined, in the context of a proceeding brought by a state prisoner under 28 U.S.C. § 2254, that a Rule 60(b) motion that principally challenges the constitutionality of a habeas petitioner's underlying conviction should be treated as a second or successive habeas petition under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  See Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003) ("When the motion's factual predicate deals primarily with the constitutionality of the underlying . . . conviction or sentence, then the [Rule 60(b)] motion should be treated as a second or

-2-

successive habeas petition."). We conclude that the reasoning set forth in _Rodwell_ applies with equal force in the section 2255 milieu. After all, the AEDPA incorporates by reference in section 2255 the same "second or successive" screen that it makes applicable to second or successive habeas petitions prosecuted on behalf of state prisoners under section 2254. _Compare_ 28 U.S.C. § 2255 ¶ 8 _with_ 28 U.S.C. § 2244(b)(2)(A). We hold, therefore, that a motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment previously entered in a section 2255 case "should be treated as a second or successive habeas petition if — and only if — the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." _See_ _Rodwell_, 324 F.2d at 67. If, however, "the factual predicate set forth in support of the motion attacks only the manner in which the earlier habeas judgment has been procured [,] the motion may be adjudicated under the jurisprudence of Rule 60(b)." _Id._

That holding effectively ends this matter. In his Rule 60(b) motion, the petitioner challenges the constitutionality of his underlying conviction and argues the merits of his foundational sentencing claims (particularly his claim under _Apprendi_ v. _New Jersey_, 530 U.S. 466 (2000)). Thus, his case falls squarely with in the prescriptive reach of the _Rodwell_ holding. The petitioner's Rule 60(b) motion must, therefore, be treated as a second or

successive habeas petition.

So viewed, the motion is hopeless. The AEDPA requires a federal prisoner, before prosecuting a second or successive habeas petition in the district court, to obtain from "the appropriate court of appeals . . . an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (as incorporated in 28 U.S.C. § 2255); see Raineri v. United States, 233 F.3d 96, 99 (1st Cir. 2000). Inasmuch as the petitioner did not seek, let alone obtain, the required authorization from this court, the district court lacked jurisdiction over his Rule 60(b) motion. Consequently, both his appeal and his attempt to obtain a COA must fail.

We add, moreover, that were we to construe the petitioner's filings in this court as a request for such an authorization, we would perforce deny it. His papers fail to make the requisite showing either of newly discovered evidence or of a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review. See 28 U.S.C. § 2255 ¶ 8; cf. Tyler v. Cain, 533 U.S. 656, 662 (2001) (holding that the identically worded requirement contained in 28 U.S.C. § 2244(b)(2)(A) is "satisfied only if [the Supreme] Court has held that the new rule is retroactively applicable to cases on collateral review").

We need go no further. For the reasons stated, the district court appropriately rejected the petitioner's Rule 60(b) motion.

For our part, we reject the misplaced effort to secure a COA and terminate the phantom appeal.

**So Ordered**.