JAMES L. DENNIS, Circuit Judge,
concurring in the judgment:
I concur in the majority’s judgment that petitioner-appellant Ray Jasper, who is scheduled to be executed by the State of Texas later today, March 19, 2014, is not entitled under the law to relief from this court. I do not, however, join the majority in all of its reasons.
In July 2009, Jasper filed a federal ha-beas corpus petition in the district court attacking his Texas conviction and death sentence. Among other claims, he contended that, during the jury selection process that preceded his trial, the state’s prosecutors discriminatorily exercised peremptory strikes to eliminate the only prospective jurors in the pool who, like Jasper, were black. In particular, Jasper’s claim focused on the prosecutor’s peremptory strike of Vernon Galloway, a black man who, when questioned during voir dire, expressed some hesitancy about imposing the death penalty but ultimately concluded that he could impose death if the evidence showed it to be appropriate. The prosecutor’s strike of Galloway, Jasper claimed, was based on his race and was therefore unconstitutional under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
When Jasper first brought his Batson claim to the district court, he did so on a limited record. In the state court, prospective jurors in the pool were required to fill out questionnaires reflecting their views on the death penalty, the courts, the criminal justice system, and a number of other issues. Then, during voir dire, the judge and the attorneys questioned the prospective jurors on their questionnaire answers. Jasper’s counsel, however, did not preserve the questionnaires, and thus, they were not made part of the district court’s habeas corpus record. Accordingly, the ability of the district court to review the jury selection process for race discrimination was constrained. See Jasper v. Thaler, 765 F.Supp.2d 783, 816 n. 62 (W.D.Tex.2011). The district court denied the Batson claim. Id. at 878. On appeal, we affirmed. Jasper v. Thaler, 466 Fed.Appx. 429, 442 (5th Cir.2012) (per curiam). We, like the district court, noted that our review was constrained by the lack of questionnaires. See id. at 437.
*374 After Jasper’s Batson claim failed, the state set the March 19 execution date. Jasper obtained a new attorney to represent him. And, with the execution date around the corner, Jasper’s new attorney received the jury questionnaires that his earlier counsel had failed to preserve. Jasper now contends that the questionnaires reveal that his Batson claim is meritorious, and thus, should be reexamined in light of the questionnaires. On March 11, about a week before the scheduled execution, he filed a motion in the district court under Federal Rule of Civil Procedure 60(b)(6), asking the court to vacate its prior judgment denying his Batson claim so that he could have the opportunity to amend the claim and have it decided anew, in light of the questionnaires.[1] He argued that the absence of the questionnaires in the habeas corpus record when the district court decided the Batson claim was a “defect in the integrity of the federal habeas proceedings.” See Gonzalez v. Crosby, 545 U.S. 524, 532, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). On March 18, one day before the scheduled execution, the district court, working with admirable expeditiousness, denied the Rule 60(b)(6) motion, citing a number of procedural flaws in Jasper’s petition and concluding that Jasper’s Batson claim was not as strong as Jasper contended. Jasper appealed, bringing the case, once again, before us.
Having studied the jury questionnaires and the voir dire transcript, I do not believe that the Batson claim, as raised in the context of federal habeas corpus, has sufficient merit to succeed. Jasper contends that, Galloway and a number of the non-black jurors all indicated on their questionnaires that they had some doubts about the death penalty or hesitancy towards imposing it. Thus, Jasper concludes, the fact that it was only Galloway, and not the non-black jurors, who the prosecutor struck indicates that the prosecutor did not truly eliminate Galloway from the jury for his views on the death penalty, as the prosecutor claimed, but rather for his race. The claim has intuitive logic. However, as Jasper concedes, Galloway answered nine of the questionnaire’s questions in a manner that the prosecutor found troubling for the state’s case for death, and none of the non-black jurors answered so many. The non-black jurors who, during voir dire, expressed similar or greater levels of discomfort with imposing death as Galloway all answered appreciably fewer “anti-death-penalty” questions on their questionnaires as did Galloway. When the prosecutor explained his reasons for striking Galloway, the prosecutor pointed to those nine answers.
Under the high standard of review on habeas corpus, I cannot conclude that the Texas state courts were unreasonable in failing to find that the prosecutor’s explanation was pretext for race discrimination. See 28 U.S.C. § 2254(d)(1) (federal habeas corpus court will overturn state court’s resolution of a claim only if it was “contrary to, or involved an unreasonable application of, clearly established Federal law”). Because I do not think the Batson claim has ultimate merit on habeas corpus, I do not think there are “extraordinary circumstances” here warranting relief for Jasper under Rule 60(b)(6). See Gonzalez, 545 U.S. at 535, 125 S.Ct. 2641 (Rule 60(b) motions may be granted only in “extraordinary circumstances”).
*375 I would deny Jasper’s motions for lack of “extraordinary circumstances” and I would not reach, as the majority has reached, the other procedural issues presented. Because of the extremely expedited manner in which this appeal has been decided, this court has not had adequate time to grapple with these complex questions of law.[2]
Having said that, I respectfully concur in the judgment.

. Under Rule 60(b)(6), a federal court, "[o]n motion and just terms,” "may relieve a party or its legal representative from a final judgment, order, or proceeding" for several enumerated reasons, including mistake, newly discovered evidence, fraud, and others. Under subsection (b)(6), the court may do the same for "any other reason that justifies relief.”

. I find one part of the majority's reasoning particularly problematic. The majority cites Rodwell v. Pepe, 324 F.3d 66 (1st Cir.2003) (also cited in Gonzalez, 545 U.S. at 531, 125 S.Ct. 2641) and says, "60(b) motions raising additional facts for consideration ... should be evaluated as second-or-successive habeas petitions.” Ante, at 371. Unfortunately, the majority’s broad reference to "additional facts" fails to address any potential distinction between additional evidence, such as, say, when the Rule 60(b) movant presents the court with a newly-procured affidavit from an expert witness, and court documents, such as, say, when the Rule 60(b) movant presents a portion of the trial transcript that was previously lost due to technical error and has now been recovered. It seems doubtful that we would treat the latter case no differently than the former and, in both cases, fault the mov-ant for bringing us "additional facts” and conclude that his Rule 60(b) motion is truly a successive habeas petition in disguise. Here, the "additional facts” are jury questionnaires, which, arguably, should fall into the latter category rather than the former. When an appropriate case presents itself, the court should give this issue more consideration than this extremely expedited appeal allowed.