COMMONWEALTH *vs.* RICHARD CROKEN. No. 02-P-111. October 16, 2003.
*Practice, Criminal,* Assistance of counsel. *Constitutional Law,* Assistance of
counsel. *Attorney at Law,* Conflict of interest. *Conflict of Interest.*

Following a jury trial in the Superior Court, the defendant was convicted on
two indictments charging forcible rape of a child under the age of sixteen,
G. L. c. 265, § 22A, and one indictment charging indecent assault and battery
on a child under the age of fourteen, G. L. c. 265, § 13B. This case now
comes before us after having been remanded solely for an evidentiary hearing
in the Superior Court to address unresolved factual issues raised in the
defendant's motion for a new trial based on a claim of ineffective assistance
of trial counsel. See *Commonwealth* v. *Croken,* 432 Mass. 266 (2000). Upon
review of the hearing record and the motion judge's findings and conclusions,
we are satisfied that defense counsel's representation was free from any actual
conflict of interest. We also conclude that the potential conflict created by the
attorney's intimate relationship with a member of the district attorney's office
did not cause any material prejudice to the defendant.[1] We affirm.

There was never any dispute that during most of the representation, the
defendant's attorney, Robert LaLiberte, had an undisclosed, intimate relation-
ship with an assistant district attorney ("Jane Doe"), who was a colleague of
James M. Sullivan, the prosecutor assigned to the defendant's case. The
purpose of the remand was to determine (1) if an actual conflict existed and
(2) whether the defendant was materially prejudiced by any potential conflict
resulting from the relationship between LaLiberte and Doe. The motion judge,
who complied with the Supreme Judicial Court's suggestions concerning the
scope of the evidentiary hearing, see *Commonwealth* v. *Croken, supra* at 276-
277, made the following pertinent factual findings, which the defendant does
not challenge as clearly erroneous: (1) Doe and Sullivan never discussed the
defendant's case; (2) Doe never worked on the case while she was employed
at the district attorney's office; (3) LaLiberte never disclosed confidential
information regarding the defendant's case to Sullivan; (4) Doe and LaLiberte
discussed neither the details nor trial strategy of the case; (5) during the trial,
Doe learned of the defendant's hospitalization for a heart condition; (6) Doe
never discussed the case with the Department of Social Services (DSS) where
she later worked for a time before returning to the district attorney's office;
and (7) during LaLiberte's representation of the defendant, Doe, who had left
the Plymouth County district attorney's office, had no expectation of returning
to her former position there.[2]

In light of the fact that LaLiberte made no disclosures, intentional or
otherwise, directly or through Doe, to either the prosecutor or DSS, the judge
ruled that a new trial was not warranted. The defendant, the judge concluded,
had failed to establish the existence of an actual or genuine conflict of interest.
There was no error. Nothing in the record substantiates the defendant's claim

---

[1]The defendant's additional claims of bias and hostility on the part of the motion
judge, who was not the trial judge, are unsupported by the record and are without merit.

[2]Doe left the district attorney's office in late 1994 to enter private practice. She
remained in private practice through the defendant's trial in July, 1996, then took a
position with DSS in April, 1997, returning in March, 1998, to the district attorney's
office. The judge's finding that Doe had no expectation as of July, 1996 (when Lalib-
erte's representation effectively ended), of returning to the district attorney's office is
supported by the evidence.

that LaLiberte's "independent professional judgment" was impaired by his own personal interests arising from his relationship with Doe. See *Commonwealth* v. *Croken, supra* at 272, quoting from *Commonwealth* v. *Shraiar,* 397 Mass. 16, 20 (1986). Contrast *Commonwealth* v. *Martinez,* 425 Mass. 382, 389-392 (1997) (convictions reversed due to "genuine conflict of interest" where defense counsel was simultaneously representing a key prosecution witness, and counsel breached the duty of confidentiality to the defendant by telling the witness he thought the defendant was lying).

Similarly, the defendant failed to demonstrate how the relationship with Doe so influenced LaLiberte that his conduct in representing the defendant "fell measurably below that which might be expected of an ordinary fallible attorney." See *Commonwealth* v. *Croken, supra* at 272 (actual prejudice resulting from an alleged potential conflict is measured against the standard set forth in *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 [1974]). We agree with the judge that, over all, LaLiberte "vigorously and skillfully represented the defendant at trial." He filed appropriate pretrial motions and discovery requests, most of which were allowed, conducted careful examination of witnesses, succeeded in barring the admission of certain irrelevant, prejudicial evidence, and delivered a comprehensive closing argument.

Upon examining the defendant's six specific alleged deficiencies, we also conclude, as did the motion judge, that they do not amount to ineffective assistance of counsel in these circumstances. In each instance, the defendant's claims are unsupported by the record and fail to demonstrate prejudice. See *ibid.* Moreover, the defendant has failed to show how LaLiberte's decisions concerning his defense, tactical or otherwise, were in any way influenced by his relationship with Doe.

*Order denying motion for new trial affirmed.*

*Sandra F. Bloomenthal* for the defendant.

*Gail M. McKenna,* Assistant District Attorney, for the Commonwealth.