The defendant, David Vieira, was convicted after a jury trial in 2009 of trafficking in cocaine, G. L. c. 94C, § 32E(b )(4), and we affirmed the conviction on appeal. Commonwealth v. Vieira, 79 Mass. App. Ct. 1115 (2011). The defendant now appeals from the denial of his motion for a new trial. Finding no support for the defendant's claim of an unwaived conflict of interest on the part of defense counsel, we affirm.
1. Conflict of interest. "An actual or genuine conflict of interest ... must be one in which prejudice is 'inherent in the situation,' such that no impartial observer could reasonably conclude that the attorney is able to serve the defendant with undivided loyalty." Commonwealth v. Mosher, 455 Mass. 811, 819-820 (2010). Such a conflict may be found "where an attorney represents codefendants with inconsistent or contradictory lines of defense." Id. at 820, quoting from Commonwealth v. Walter, 396 Mass. 549, 544 (1986).
Here, defense counsel had represented a codefendant, David Medeiros, in prior cases. Counsel had briefly represented Medeiros in 2005 in an unrelated Federal case in which Medeiros and the defendant were codefendants.[2] His representation of Medeiros in State court ended in February, 2008. Putting aside a one-day representation in District Court in 2004, counsel's representation of the defendant began in December, 2008. Accordingly, at no point did counsel represent both the defendant and Medeiros at the same time. Moreover, the Superior Court judge addressing the conflict issue determined that the defendant would be tried separately from Medeiros, thus eliminating any chance that counsel's argument would increase the chances of Medeiros's conviction. Accordingly, there was no actual conflict of interest. See Commonwealth v. Allison, 434 Mass. 670, 688-696 (2001) ; Mosher, 455 Mass. at 820.
A potential conflict of interest, such as that occasioned by counsel's stated desire to remain in Medeiros's good graces, requires relief only if the defendant "establishes ' "material prejudice" to his defense resulting from the alleged conflict.' " Commonwealth v. Stote, 456 Mass. 213, 222 (2010), quoting from Mosher, 455 Mass. at 823. Furthermore, a defendant may waive a conflict of interest. Commonwealth v. Watkins, 473 Mass. 222, 235 (2015). Here, the defendant's claim fails both because of his waiver and his failure to establish material prejudice to his defense.
Defense counsel properly brought the potential conflict to the attention of the judge prior to trial. Counsel then explained to the defendant his relationship with Medeiros and the potential risks of his representing the defendant. The judge conducted a colloquy with the defendant, at the end of which the defendant requested that counsel continue to represent him. We discern no error in the motion judge's determination, based on this colloquy, that "the defendant knowingly and voluntarily waived" the conflict.[3] See Commonwealth v. Zabek, 86 Mass. App. Ct. 520, 526 (2014).
Furthermore, the defendant has failed to demonstrate material prejudice to his defense. At trial, counsel repeatedly highlighted evidence of Medeiros's involvement in the crime. In closing argument, counsel mentioned Medeiros eleven times, again highlighting the connection between Medeiros and the drugs.
The defendant relies on defense counsel's failure to call two witnesses. One is an unnamed "witness in the health food store ... [who] would have identified ... Medeiros[ ] as the person who had purchased the [i]nositol." This claim, however, was unsupported by any affidavit or other evidence, and it is hard to see how such a witness would have materially helped the defendant. At trial, a detective testified that seven empty bottles of inositol were found in a trash bag that codefendant Jose Avellar, accompanied by Medeiros, placed in a dumpster, along with a Wal-Mart receipt for acetone. The defendant told the police that Medeiros and Avellar had assisted him in preparing and packaging cocaine. As the Commonwealth's theory was that Medeiros and Avellar were assisting the defendant in a drug operation, further evidence that Medeiros had purchased the inositol would have accomplished little, and its absence did not materially prejudice the defendant. See Commonwealth v. Croken, 59 Mass. App. Ct. 921, 922 (2003).
The other witness identified by the defendant is Medeiros himself. Even putting aside the serious danger that Medeiros would have confirmed the defendant's statement to the police that Medeiros and Avellar had assisted the defendant in preparing cocaine, the defendant provides no reason to believe that Medeiros would have waived his right against self-incrimination. Accordingly, there was no error in the motion judge's determination that the defendant "failed to establish that [defense counsel's] representation was in any way impaired by his representation of [Medeiros] several years earlier." See Mosher, 455 Mass. at 823-826.
2. Bail money. The defendant alleges that he was the source of the money used by Medeiros's mother to post bail for Medeiros, a claim that apparently was accepted by the United States District Court for the District of Massachusetts, which ordered most of the money forfeited to the United States. The defendant further alleges that defense counsel diverted some of that money, apparently to pay an outstanding legal fee. The motion judge expressly discredited this allegation, and the defendant forthrightly "acknowledge[s] the lack of proof at this stage." Without deciding either way whether the defendant would be entitled to press the claim if he developed compelling evidence, we likewise recognize that the defendant has so far failed to provide adequate proof of this allegation, and thus the motion judge was entitled to discredit it. See Commonwealth v. Sanchez, 476 Mass. 725, 742 (2017).
Order denying motion for new trial affirmed.

In 2016, we affirmed the denial of jail credits for the defendant arising from time already credited to the sentence in this Federal case. Commonwealth v. Vieira, 89 Mass. App. Ct. 1122 (2016).

The defendant's claim that counsel did not provide him with certain information when explaining the conflict to him carries little weight in light of his initial inability to remember the colloquy at all.